520 A.2d 118

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Rex Allen Adcock, Appellee.

Submitted on briefs November 14, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, January 21, 1987:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Bucks County which reversed the suspension of the driving privileges of Rex Allen Adcock (Adcock) by DOT for his failure to satisfy a judgment arising from a motor vehicle accident, pursuant to Section 1742 of the Vehicle Code (Code), Act of June 17, 1976, P.L. 162, *as amended, formerly* 75 Pa. C. S. §1742, repealed by the Act of February 12, 1984, P.L. 26, and commonly referred to as the Driver Financial Responsibility Law. A substantially similar provision is now found at 75 Pa. C. S. §1772.[1]

The following facts are pertinent. Adcock was involved in an accident in Massachusetts on May 22, 1981, while employed as a truck driver and operating a vehicle owned by his employer. He did not own a per-

---

[1] 75 Pa. C. S. §1772 provides that "[DOT], upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each person against whom the judgment was rendered. . . ."

sonal car at that time and did not carry personal automobile insurance. Thereafter, Adcock was named as a defendant in a suit arising from this accident, a default judgment was entered against him in the amount of $3,582.00, and the judgment certified to DOT. DOT's suspension of Adcock's driving privileges pursuant to Section 1742(a) of the Code followed. Section 1742(a) of the Code provided that:

> [DOT], upon receipt of a certified copy of a judgment, *shall suspend the operating privilege of each driver* and registration of each owner against whom the judgment was rendered except as otherwise provided in this section. . . . (Emphasis added.)

In reversing the suspension imposed by DOT, the trial judge considered Adcock's testimony indicating that he had filed an accident report at the time of the incident and had notified his employer of the pending suit. He did not know why the employer's insurer had not paid the claim. The trial judge concluded that "under the unique facts of this case," Adcock had been relieved from a suspension of his license by the grace provision then found at Section 1742(c) of the Code, *formerly* 75 Pa. C. S. §1742(c),[2] pertaining to a showing of insurance in effect at the time of the accident. That section provided as follows:

> Any person whose operating privilege or registrations have been suspended, or are about to be suspended or become subject to suspension, under the provisions of this chapter, shall be relieved from the effect of the judgment as prescribed in this chapter if the person files evidence satisfactory to [DOT] that the insurance required by section 104(a) of the 'Pennsylvania

---

[2] A comparable provision is now found at 75 Pa. C. S. §1772(c).

No-fault Motor Vehicle Insurance Act,'[3] was in force and effect at the time of the accident resulting in the judgment and is or should be available for the satisfaction of the judgment.

The trial judge concluded that the obligation of carrying insurance rested with Adcock's employer and that the availability of such insurance to satisfy any judgment mediated against DOT's suspension of Adcock's license.

DOT now contends that the trial judge erroneously created an exception to the statute applicable to a driver operating another's vehicle, an exception not supported by the pertinent statutory language. We do not agree but our so concluding does not change our disposition of this matter.

At the time relevant here, DOT was required by Section 1742(a) of the Code to "suspend the operating privilege of each driver" against whom a judgment was rendered. Moreover, DOT was constrained to do so upon certification of a foreign judgment. Full faith and credit demands that we recognize the judgment of our sister states and give them at least the same effect and validity as they enjoy in the rendering state. *See Department of Transportation, Bureau of Traffic Safety v. Granito,* 70 Pa. Commonwealth Ct. 123, 452 A.2d 889 (1982); *Department of Transportation, Bureau of Traffic Safety v. Rodgers,* 20 Pa. Commonwealth Ct. 393, 341 A.2d 917 (1975).

Proof of the vehicle *owner's* insurance in force and effect at the time of the accident might satisfy the requisites of Section 1742(c) of the Code so as to relieve an uninsured driver of an imminent license suspension pursuant to Section 1742(a).

---

[3] The Pennsylvania No-fault Motor Vehicle Insurance Act, including Section 104(a), 40 P.S. §1009.104(a), was repealed by Section 8(a) of the Act of February 12, 1984, P.L. 26.

However, we do not find that Adcock met this burden. We note the following testimony:

Q. Did you know whether or not your employer . . . has any insurance?

A. Well, no.

The trial judge's interpretation thwarts the purpose of the statute, which is, as we stated in *Rodgers*, 20 Pa. Commonwealth Ct. at 399, 341 A.2d at 920, "to require those persons who use the public highways to be financially responsible to those who suffer injury in their persons and property by virtue of such use." To permit the showing of financial responsibility required by Section 1742(c) of the Code to be satisfied by nothing more than the above-quoted testimony abrogates the legislative purpose of attempting to more readily provide a source of compensation to victims of motor vehicle accidents.

We note as well that Adcock, as a judgment debtor, was not without means of retaining his license. In addition to arranging to pay the judgment outright or by installments as provided in Section 1745 of the Code, *formerly* 75 Pa. C. S. §1745, and now found at 75 Pa. C. S. §1775, or by declaring bankruptcy, he could have directly attacked the judgment itself. *See Rodgers.* There is no indication on the record that Adcock followed any of these avenues other than to simply ignore valid service of process.

Accordingly, we reverse the order of the Court of Common Pleas of Bucks County and reinstate the suspension of Adcock's operating privileges.

### ORDER

AND NOW, January 21, 1987, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed and the suspension of the operating privileges of Rex Allen Adcock by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is reinstated.