Howard V. SEIBERT, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Argued May 7, 1998.

Decided May 29, 1998.

Publication Ordered July 20, 1998.

Samuel Glantz, Levittown, for appellant.

Timothy P. Wile, Assistant Counsel In-Charge, Harrisburg, for appellee.

Before COLINS, President Judge,
LEADBETTER, J.(P.), and MIRACHI, Jr.,
Senior Judge.

LEADBETTER, Judge.

Howard V. Seibert (appellant) appeals
from a decision of the Court of Common
Pleas of Bucks County (trial court), sustain-
ing the Pennsylvania Department of Trans-
portation's (DOT) suspension of his operating
privileges for one year under Section
1532(b)(3) of the Vehicle Code.[1]

On March 27, 1997, appellant was arrested
in Bordentown Township, New Jersey and
charged with violating N.J.S.A. 39:4–50 for
operating a motor vehicle while under the
influence of intoxicating liquor. Appellant
pleaded guilty to the charge on May 21, 1997,
in a New Jersey municipal court, and, as a
result, appellant's operating privileges were
suspended in New Jersey for 180 days begin-
ning May 21, 1997. By notice mailed June
11, 1997, DOT informed appellant that as a
consequence of his New Jersey conviction,
his operating privileges in Pennsylvania were
being suspended for a period of one year.
Appellant appealed to the trial court, and a
*de novo* hearing was conducted on Septem-
ber 4, 1997. The trial court dismissed Sei-
bert's appeal.

On appeal, Seibert raises the following is-
sues: (1) whether the language of the new
Pennsylvania Driver's License Compact Law,
75 Pa.C.S. § 1581, precludes DOT from sus-
pending appellant's license based on a New
Jersey DUI conviction because, unlike Sec-
tion 1581 Art. IV(a)(2), the New Jersey stat-
ute does not specifically require a finding
that the driver was "incapable of safely driv-
ing;" (2) whether the Pennsylvania and New
Jersey laws are substantially similar to the
language of the Compact at 75 Pa.C.S.
§ 1581 Art. IV(a)(2); (3) whether DOT
should have limited appellant's suspension to
only 30 days because, had he been convicted
in Pennsylvania, he would have been eligible
for Accelerated Rehabilitative Disposition
(ARD); and (4) whether DOT was required
to run its suspension period concurrently
with Licensee's New Jersey suspension.

Having reviewed the record, we find that
the issues presented to this Court have been
thoroughly reviewed and addressed in the
opinion of the Honorable Daniel J. Lawler.
Accordingly, we affirm on the basis of the
trial court's opinion in the proceedings cap-
tioned *Seibert v. Commonwealth of Pennsyl-*

---

1. 75 Pa.C.S. § 1532(b)(3). Section 1532(b)(3)
requires DOT to suspend for one year the operat-
ing privilege of any person convicted under 75
Pa.C.S. § 3731 of driving under the influence of
alcohol.

*vania, Department of Transportation, Bureau of Driver Licensing,* No. 97–4616–23–6, Bucks County, filed November 18, 1997.

## ORDER

AND NOW, this 29th day of May, 1998, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.