Roberta A. PEPPERLING, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1999.
Decided July 27, 1999.

John P. Moses, Wilkes–Barre, for appellant.

Elaine N. Blass, Asst. Counsel, and Timothy P. Wile, Asst. Counsel in Charge, Harrisburg, for appellee.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Roberta Pepperling (Licensee) appeals from the October 9, 1998 order of the Court of Common Pleas of Luzerne County (trial court) dismissing her appeal from a one-year suspension of her operating privilege imposed by the Pennsylvania Department of Transportation (Department) pursuant to the Driver's License Compact (Compact).[1] We affirm.

On June 1, 1996, Licensee was charged with violating SC ST § 56–5–2930, relating to driving under the influence of liquor (DUI). On May 25, 1997, Licensee pled *nolo contendre* to the offense and the state of South Carolina suspended her operating privilege for six months. In compliance with Article III of the Compact, South Carolina notified the Department of Licensee's conviction. Pursuant to Article IV of the Compact, the Department was required to give the same effect to the conduct reported as it would if the conduct had occurred in Pennsylvania.[2]

By notice dated December 23, 1997, the Department informed Licensee that her license would be suspended for one year as a result of her DUI conviction in South Carolina. The notice advised Licensee of the Department's determination that her conviction was for an offense equivalent to a violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731(a), Pennsylvania's DUI statute. Section 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b) mandates a twelve-month suspension for a violation of Section 3731.

Licensee filed a statutory appeal with the trial court, which concluded that South Carolina's DUI statute was substantially similar to Section 3731 of the Vehicle Code. The trial court rejected Licensee's arguments that the application of the Compact to her conduct violated the equal protection and double jeopardy clauses of the state and federal constitutions.

On appeal to this Court,[3] Licensee first argues that the trial court erred in concluding that South Carolina's DUI offense is substantially similar to Pennsylvania's

1. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581.

2. Article IV further provides:
(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.
75 Pa.C.S. § 1581 (emphasis added).

3. Our scope of review in a license suspension appeal is limited to determining whether findings of fact are supported by substantial evidence, an error of law was committed, or the trial court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth*, 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

DUI offense for purposes of Article IV of the Compact.

In relevant part, Section 3731 of the Vehicle Code provides:

> **(a) Offense defined.** – A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances: (1) While *under the influence of alcohol to a degree which renders the person incapable of safe driving.*

(Emphasis added.)

South Carolina's DUI statute states:

> It is unlawful for any person who is a habitual user of narcotic drugs or any person who is *under the influence of intoxicating liquors,* narcotic drugs, . . . or any other substance of like character, whether synthetic or natural, to drive any vehicle within this state.

SC ST § 56–5–2930 (emphasis added).

■ The pertinent language of the South Carolina statute is identical to the language contained in New Hampshire's DUI statute, which states in part that, "[n]o person shall drive or attempt to drive a vehicle upon any way . . . [w]hile such person is *under the influence of intoxicating liquor.*" N.H.Rev.Stat. § 265:82(I)(a) (emphasis added). In *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth. 1998), *appeal granted,* —— Pa. ——, —— A.2d —— (May 25, 1999), this Court held that violations of New Hampshire's DUI statute and Pennsylvania's DUI statute are substantially similar for purposes of reciprocal driver's license suspensions under the Compact. Because the language of the South Carolina statute parallels New Hampshire's DUI statute, it, too, is substantially similar to the language of Section 3731 of the Vehicle Code, thereby creating a substantially similar offense. *Fisher.*

4. Section 1532(b)(3) requires the Department to suspend the operating privilege of any driver for twelve months upon receiving a certified record of the driver's conviction of

Licensee also argues that the Compact and the suspension imposed under it violate the United States and Pennsylvania Constitutions as a denial of equal protection. Licensee argues that the Compact creates an impermissible and discriminatory classification – Pennsylvania drivers convicted in other states – who are denied the opportunity to participate in Pennsylvania's Accelerated Rehabilitative Disposition program (ARD), which could result in a suspension of her operating privilege for as little as one month. She also complains that a licensee convicted of DUI out-of-state is subject to multiple and non-concurrent suspensions.

■ We conclude that Licensee's equal protection challenge has no merit. This court has previously held that the fact that a licensee may have been eligible for ARD had her offense occurred elsewhere is in no way a violation of her right to equal protection under the law. *Kiebort v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 1139 (Pa.Cmwlth.1998); *Sutherland v. Commonwealth,* 45 Pa.Cmwlth. 490, 407 A.2d 1364 (1979). Moreover, the Compact is facially non-discriminatory and, pursuant to its terms, the Department imposes the same suspensions upon the licenses of all Pennsylvania drivers convicted of DUI, no matter where the offense and conviction occur.[4] *Correll v. Department of Transportation, Bureau of Driver Licensing,* 726 A.2d 427 (Pa.Cmwlth.1999). In addition, the Department is not required to run its suspension period concurrently with Licensee's South Carolina suspension. *Seibert v. Department of Transportation, Bureau of Driver Licensing,* 715 A.2d 517 (Pa.Cmwlth.1998).

■ Finally, Licensee argues that Article IV of the Compact violates the double jeopardy clauses of the federal and state

Section 3731(DUI) or a substantially similar offense reported to the Department pursuant to Article III of the Compact.

constitutions, which prohibit multiple punishments for the same offense. However, license suspension proceedings are civil in nature and impose remedial sanctions aimed at protecting the public from unsafe drivers. *Id., Krall v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 63 (Pa.Cmwlth.1996). This Court has consistently held that suspensions imposed by the Department under Article IV of the Compact do not violate the double jeopardy clause of either the Pennsylvania or the United States Constitution. *Smega v. Department of Transportation, Bureau of Driver Licensing,* 727 A.2d 154 (Pa.Cmwlth.1999); *Correll; Krall.*

Accordingly, we affirm.

## ORDER

NOW, July 27, 1999, the order of the Court of Common Pleas of Luzerne County in the above matter is affirmed.