**Harry HESSION, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 2000.
Decided Jan. 26, 2001.

Wayne R. Maynard, Philadelphia, for petitioner.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before SMITH, J., KELLEY, J., and RODGERS, Senior Judge.

SMITH, Judge.

Harry Hession appeals from an order of the Philadelphia County Court of Common Pleas affirming the one-year suspension of his driving privileges resulting from his guilty plea in New Jersey for driving under the influence of alcohol (DUI). The issue before this Court is whether the Department of Transportation, Bureau of Driver Licensing (DOT) must honor a New Jersey municipal court order which contained Hession's guilty plea with a civil reservation precluding the use of Hession's plea in any later civil proceedings, including one for suspension of his license. DOT received New Jersey's report of Hession's conviction and acted accordingly pursuant to Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581.

The facts in this case are undisputed. On October 3, 1999, Hession was arrested in New Jersey and charged with operating a motor vehicle while under the influence of liquor or drugs. On November 29, 1999, Hession entered a plea of guilty with a "civil reservation" pursuant to N.J.R. 7:6–2(a)(1) before a municipal court in New Jersey.[1] As a result of the plea Hession was convicted of the DUI charge. Thereafter New Jersey, acting according to the provisions of the Driver's License Compact, notified DOT of the conviction.[2] On December 28, 1999, DOT suspended Hession's driving privileges for a one-year period, treating the New Jersey conviction as

---

1. The New Jersey Rule of Court provides in part: "Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding."

2. Pennsylvania and New Jersey are parties to the Driver's License Compact. *See* Sections 1581—1586 of the Vehicle Code, 75 Pa.C.S. §§ 1581—1586, and N.J.S. §§ 39:5D–1–39:5D–14.

though Hession had been convicted in Pennsylvania of violating the corresponding Pennsylvania DUI statute. See Section 3731(a) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 3731(a).

Hession timely filed an appeal from the suspension to the trial court, which held a de novo hearing on April 28, 2000. DOT's evidence consisted of certified documents, including a copy of an electronically transmitted report from the New Jersey Division of Motor Vehicles regarding Hession's November 1999 conviction. DOT rested with the admission of its certified documents, which were admitted without objection. Hession relied upon the defense that his New Jersey guilty plea could not be used in any subsequent civil proceeding, including a license revocation proceeding. By order dated April 28, 2000 the trial court denied Hession's appeal. In concluding that the civil reservation did not preclude DOT from using Hession's plea as a basis for the license suspension, the trial court relied on this Court's decision in *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000).[3]

■ Hession essentially argues here that the Court should overrule *Bourdeev* because its holding is contrary to the dictates of the Full Faith and Credit Clause of the United States Constitution, U.S. Const., Art. IV, § 1. That clause provides in pertinent part that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Hession maintains that the Court's decision in *Bourdeev* impermissibly allowed DOT to consider Hession's plea despite the New Jersey judicial proceeding which resulted in an order precluding the use of his guilty plea even in license suspension proceedings regardless of where they may be commenced. Hession cites among other cases *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985),

for the proposition that one state may not disregard a judicial proceeding of a sister state, and *Gallo Asphalt Co. v. Sagner,* 71 N.J. 405, 365 A.2d 932 (1976), for the contention that a guilty plea with civil reservation may not be used in a later license suspension proceeding.

In *Bourdeev* this Court upheld a one-year suspension of operating privileges in similar circumstances. The case involved an appeal by a Pennsylvania motorist from DOT's suspension of his driving privileges as a result of the motorist's guilty plea with a civil reservation to DUI charges in New Jersey. The trial court reversed DOT's suspension concluding that DOT could not rely upon the plea entered in the sister jurisdiction. The trial court further concluded that ignoring the civil reservation would violate the Full Faith and Credit Clause. In reversing this Court stated in *Bourdeev:*

> While the New Jersey Rule of Court which allows a civil reservation with guilty pleas prohibits the use of the plea itself in any civil proceeding, it does not bar the introduction of evidence of the *conviction* that resulted from the guilty plea. Clearly, in this case it is the conviction, not the guilty plea, that triggered New Jersey's report to DOT.

*Id.,* 755 A.2d at 61.

■ Finding the Supreme Court's decision in *Eisenberg v. Department of Public Welfare,* 512 Pa. 181, 516 A.2d 333 (1986), to be persuasive, this Court went on to state in *Bourdeev:*

> As in *Eisenberg,* this case presents a situation in which DOT is merely acting upon the conviction itself. How the conviction came about, i.e., judgment, admission of guilt or plea with civil reservation, is of no import. Hence, we do not believe that the civil reservation has any impact on DOT's suspension of Licensee's driving privileges.

*Id.* at 62. The Court noted the public policy of the Commonwealth and the para-

---

**3.** This Court's review of the trial court's order is limited to determining whether the trial court's findings are supported by substantial evidence, whether erroneous conclusions of law were made or whether the trial court committed an abuse of discretion. *Bourdeev.*

mount interest in deterring incidents of drunken driving and reiterated that a motorist cannot use a New Jersey guilty plea with civil reservation to thwart a license suspension.[4]

■ The trial court here noted that it was Hession's conviction entered upon his guilty plea that established the operative fact which authorized the license suspension, not the administrative procedure leading up to the plea. Moreover, the distinction that Hession raises between *Bourdeev* and the facts of his case, i.e., that the defendant's plea in *Bourdeev* was not reduced to an order, does not support the argument that *Bourdeev* should not control the outcome of this case. Nor is the Court persuaded by Hession's contention that a defendant who pleads guilty is entitled to the benefit of his bargain, citing criminal case law. DOT correctly notes that under the Full Faith and Credit Clause another state's court may not control the evidence received by a court in a sister state in separate proceedings involving third parties not parties to the former state's proceedings, citing *Baker v. General Motors Corp.*, 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Thus relying upon the decision in *Bourdeev* and those that follow it, the Court concludes that the trial court properly denied Hession's appeal, and its order therefore is affirmed.

### ORDER

AND NOW, this 26th of January, 2001, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

---

4. The Full Faith and Credit Clause does not require a state to subordinate public policy within its borders to the laws of another state. *Baker v. General Motors Corp.*, 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998); *see also Flamer v. New Jersey Transit Bus Operations, Inc.*, 414 Pa.Super. 350, 607 A.2d 260 (1992). Furthermore, in *Baker* the court expressly held that under the Full Faith and Credit Clause the forum court's (Michigan) decree could not command obedience in another jurisdiction on a matter that the forum court lacked authority to resolve. That principle is equally applicable here inasmuch as New Jersey had no power to resolve the license suspension proceeding filed in Pennsylvania under its controlling legislation.