Hugh J. BREEN, Jr., Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 2000.

Decided April 12, 2001.

Brian J. Carlin, Huntingdon Valley, for appellant.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel In-charge, King of Prussia, for appellee.

Before: SMITH, Judge, KELLEY, Judge and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Hugh J. Breen, Jr. (Licensee) appeals from the order of the Court of Common Pleas of Montgomery County (trial court) dismissing his appeal from a one-year suspension of his operating privilege imposed by the Pennsylvania Department of Trans-

portation (Department) pursuant to the Driver's License Compact (Compact).[1] We affirm.

On November 30, 1997, Licensee was charged with violating N.J.Stat. § 39:4–50(a), New Jersey's driving under the influence (DUI) statute, and he pled guilty to that offense on January 15, 1998. By notice dated February 10, 1998, the Department notified Licensee that his license would be suspended for one year as a result of his conviction in New Jersey, which the Department determined to be for an offense equivalent to a violation of Section 3731 of the Vehicle Code, 75 Pa. C.S. § 3731.

Licensee filed a timely appeal with the trial court, which consolidated Licensee's case with thirty-three other cases and held a *de novo* hearing. The Department admitted into evidence a packet of certified documents, including a copy of the conviction report received from the New Jersey Division of Motor Vehicles. Licensee offered evidence that he entered his guilty plea to the New Jersey DUI offense with civil reservation. The trial court sustained Licensee's appeal by order dated September 21, 1998; however, this Court subsequently reversed that order and remanded the matter to the trial court. *Aldridge v. Department of Transportation, Bureau of Driver Licensing,* (No. 2871 C.D.1998, filed November 30, 1999).

On remand, the trial court held that, under the analysis set forth in *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999) New Jersey's DUI statute is substantially similar to Article IV(a)(2) of

the Compact. The trial court further held that the fact that Licensee's guilty plea was entered pursuant to civil reservation does not prevent the Department from relying on the conviction to suspend Licensee's operating privilege. The trial court dismissed Licensee's appeal by order dated May 11, 2000.

■ On appeal to this Court,[2] Licensee first argues that the provisions of New Jersey's DUI statute are not substantially similar to the provisions of Article IV(a) of the Compact. In pertinent part, Article IV(a) of the Compact provides as follows:

(a) The licensing authority in the home state, for the purposes of suspension ... shall give the same effect to the conduct reported ... as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug *to a degree which renders the driver incapable of safely driving a motor vehicle.*

15 Pa.C.S. § 1581 (emphasis added).

A person violates N.J. Stat. § 39:04–50(a) when he or she "operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit producing drug; or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in defendant's blood . . . ."

■ In *Seibert v. Department of Transportation, Bureau of Driver Licensing,*

1. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581.

2. Our scope of review in a license suspension appeal is limited to determining whether findings of fact are supported by substantial evi-

dence, an error of law was committed, or the trial court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

715 A.2d 517 (Pa.Cmwlth.1998), this court compared the two statutes and held that the offense described by New Jersey's DUI statute is substantially similar to the conduct described in Article IV(a)(2) of the Compact. The *Seibert* court held that, although New Jersey's DUI statute does not use the words "incapable of safely driving," such condition is implicitly described by the statute's terms. The New Jersey statute prohibits a person from operating a vehicle with a blood alcohol level of 0.10%, and there is no question that a person with a blood alcohol level of 0.10% is incapable of safe driving. *Id.* Therefore, a violation of New Jersey's DUI statute is grounds for a reciprocal license suspension under the Compact.[3] *Id.*

■ Licensee's second argument is that, because his guilty plea was entered with civil reservation, the Department should be barred from introducing evidence of his conviction in the civil license suspension proceeding. Licensee acknowledges that this argument was expressly rejected in *Bourdeev v. Department of Transportation*, 755 A.2d 59 (Pa.Cmwlth.2000), *appeal granted*, (No. 565 E.D. Alloc. Dkt.2000, filed March 27, 2001), but he contends that the holding in *Bourdeev* is contrary to the dictates of the Full Faith and Credit Clause of the United States Constitution, U.S. Const., Art. IV, § 1.

This argument was specifically addressed by our court in *Hession v. Department of Transportation, Bureau of Driver Licensing*, 767 A.2d 1135 (2001). Relying on *Bourdeev*, the *Hession* court held that the manner in which the guilty plea comes about is of no import, as it is the conviction, not the guilty plea, that triggers an out-of-state conviction report to the Department. In addition, the *Hession* court observed that the Full Faith and Credit Clause does not require a state to subordinate public policies within its borders to the laws of another state.

Accordingly, we affirm.

### ORDER

NOW, April 12, 2001, the order of the Court of Common Pleas of Montgomery County in the above matter is affirmed.

KELLEY, Judge, Dissenting.

I respectfully dissent.

In this case, pursuant to Rule 7:4–2(b) of the New Jersey Rules of Court [1], Licensee entered a plea of guilty with civil reservation to a violation of Section 39:4–50(a) of

---

3. We note that New Jersey courts have interpreted this statute as prescribing a condition of serious impairment under which a driver poses a danger to himself and others. *See State v. Johnson*, 42 N.J. 146, 199 A.2d 809 (1964); *State v. Morris*, 262 N.J.Super. 413, 621 A.2d 74 (1993). The mandatory sentence imposed for a conviction under this statute is further evidence that New Jersey's is a true DUI statute: for a first offense, the licensee is subject to a fine, a period of detainment in an Intoxicated Driver Resource Center and, possibly, a term of imprisonment. N.J. Stat. § 39:4–50(a)(1).

1. The provisions of the former Rule 7:4–2(b) are now contained in Rule 7:6–2(a)(1) which states, in pertinent part:
   (a) Pleas allowed, Guilty Plea.

(1) Generally. A defendant may plead not guilty or guilty, but the court may, in its discretion, refuse to accept a guilty plea. The court shall not, however, accept a guilty plea without first addressing the defendant personally and determining by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea. Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding...

N.J. R. Mun. Ct. R. 7:6–2(a)(1).

the New Jersey Statutes.[2] Contrary to the majority's conclusion, I agree with Licensee's assertion that the use of this plea to support a license suspension under the provisions of the Driver's License Compact, 75 Pa.C.S. § 1581, violates the Full Faith and Credit Clause of the United States Constitution.[3]

This Court has consistently recognized that we are required by the Federal Constitution to give full faith and credit to a judgment or judicial decree of a sister state. *See, e.g., Walker v. Pennsylvania Board of Probation and Parole,* 729 A.2d 634 (Pa.Cmwlth.1999); *Department of Transportation v. Adcock,* 103 Pa.Cmwlth. 298, 520 A.2d 118 (1987); *Department of Transportation v. Granito,* 70 Pa.Cmwlth. 123, 452 A.2d 889 (1982); *Department of Transportation v. Rodgers,* 20 Pa.Cmwlth. 393, 341 A.2d 917 (1975). In support of its conclusion that the use of Licensee's guilty plea with civil reservation is proper, the majority relies on *Hession v. Department of Transportation,* 767 A.2d 1135 (2001). In turn, the opinion in *Hession* relies on *Bourdeev v. Department of Transportation,* 755 A.2d 59 (Pa.Cmwlth.2000). In interpreting the application of Rule 7:4–2(b) in *Bourdeev,* this Court stated the following, in pertinent part:

> On appeal, DOT asserts that the civil reservation attached to Licensee's guilty plea does not prevent it from relying upon the conviction as a basis to suspend Licensee's driving privileges under the Driver's License Compact of 1961 (Compact). We agree.
>
> While the New Jersey Rule of Court which allows a civil reservation with guilty pleas prohibits the use of the plea itself in any civil proceeding, it does not bar the introduction of evidence of the *conviction* that resulted from the guilty plea. Clearly, in this case it is the conviction, not the guilty plea, that triggered New Jersey's report to DOT.

*Id.,* 755 A.2d at 61 (footnotes omitted and emphasis in original).

To the contrary, the New Jersey Supreme Court long ago recognized that the provisions of Rule 7:4–2(b) preclude the use of either the guilty plea or the resultant conviction in a subsequent civil proceeding. *See Gallo Asphalt Co. v. Sagner,* 71 N.J. 405, 412, 365 A.2d 932, 935 (1976) ("[T]he terms and the spirit of the agreement entered into by the State and appellants precluded any evidential use of the pleas and convictions in subsequent civil proceedings. Thus, this case is not strictly analogous to other instances in which prior pleas of nolo contendere have been considered in disciplinary proceedings...") (citations omitted). Thus, the Full Faith and Credit Clause requires this Court to give the same effect to the plea entered pursuant to Rule 7:4–2(b) as would be afforded in the New Jersey courts. *See Farmland Dairies v. Barber,* 65 N.Y.2d 51, 55–56, 478 N.E.2d 1314, 1317, 489 N.Y.S.2d 713, 715–716 (1985) ("[T]he doctrine establishes a rule of evidence, however, which requires

---

**2.** Section 39:4–50(a) prohibits, in pertinent part, the operation of a motor vehicle "[w]hile under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or ... with a blood alcohol concentration of 0.10% or more by weight of alcohol in the ... blood..."

**3.** The Full Faith and Credit Clause states, in pertinent part, that "Full Faith and Credit shall be given in each State to the public Act, Records, and judicial Proceedings of every other State..." U.S. Const. art. IV, § 1. *See also* 28 U.S.C. § 1738 ("[S]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.").

recognition of the foreign judgment as proof of the prior out-of-State litigation and give it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another. The rule is not absolute; the judgment of one court is conclusive and binding in another State only if the first court had jurisdiction to render it, but if the foreign court had jurisdiction, as New Jersey did here, the courts of every other State must give it the same credit, validity and effect as it has in the State which rendered it and this is so even though suit could not have been maintained on the cause of action in the forum State or the judgment is based upon a mistake of law. Whatever could have been pleaded in opposition to it in the foreign state may be pleaded in opposition to it in the forum State, but the judgment can be given no less force or effect than it has in the State rendering it.") (citations omitted).

Likewise, in *Bourdeev*, this Court equated a plea under Rule 7:4–2(b) to be equivalent to a plea of *nolo contendere*, and then determined that such a plea is a "conviction" under the provisions of the Compact. *See Bourdeev*, 755 A.2d at 61–62. However, as noted above, in *Gallo* the New Jersey Supreme Court expressly differentiated between a plea of nolo contendere and one entered pursuant to Rule 7:4–2(b). *See Gallo*, 71 N.J. at 412, 365 A.2d at 935. Thus, the analysis employed in *Bourdeev*, *Hession* and the majority opinion in this case is fatally flawed.

If the Department is acting to suspend a licensee's operating privilege based on an out-of-state judgment under the provisions of the Compact, I firmly believe that all aspects of the judgment entered must be given the effect as they would in the foreign jurisdiction. *See, e.g., Walker*, 729 A.2d at 634 (Under the Full Faith and Credit Clause, this Court must respect the Maryland authorities' concurrent sentencing on the crimes committed by a parolee even though such sentencing is not permitted in this Commonwealth.); *Adcock*, 520 A.2d at 120 (Full faith and credit demands that this Court recognize the judgment of our sister states and give them at least the same effect and validity as they enjoy in the rendering state.). In this case, I would comply with that portion of the New Jersey judgment which precludes its use in this collateral civil proceeding. The Full Faith and Credit Clause of the United States demands no less. *Walker; Adcock; Farmland Dairies*. Accordingly, I would reverse the order of the trial court dismissing Licensee's appeal from the one-year suspension imposed by the Department pursuant to the provisions of the Compact.