Donald JACOBS, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

John Joyce, Jr., Appellant,

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2001.

Decided Aug. 30, 2001.

Charles G. Nistico, Media, for appellants.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, SMITH, Judge, and FLAHERTY, Senior Judge.

SMITH, Judge.

Donald Jacobs and John Joyce, Jr. (Appellants) appeal from the orders of the Courts of Common Pleas of Chester County and Delaware County, respectively, affirming the one-year suspensions of their driving privileges resulting from convictions in New Jersey for driving under the influence (DUI) in violation of N.J.S. § 39:4–50(a). Appellants raise the following issues: (1) whether Pennsylvania's DUI statute, Section 3731 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 3731, and New Jersey's DUI statute are of a substantially similar nature to Article IV(a)(2) of the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581; and (2) whether the trial court erred in admitting evidence of Appellants' guilty plea to an alcohol-related traffic offense in New Jersey when the New Jersey court ordered that the pleas "shall not be evidential in any civil proceeding" and Pennsylvania courts are required to give full faith and credit to such orders.

Appellants entered guilty pleas with civil reservations in the New Jersey municipal court to violating N.J.S. § 39:4–50(a). The court ordered that the guilty pleas should not be used in any subsequent civil action pursuant to New Jersey Court Rule 7:6–2(a)(1). Appellants' convictions were entered on the record, and as required by provisions of the Compact, New Jersey notified the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) of the convictions. Pennsylvania and New Jersey are parties to the Compact pursuant to Sections 1581–1586 of the Vehicle Code, 75 Pa.C.S. §§ 1581–1586, and N.J.S. §§ 39:5D–1—39:5D–14, respectively.

DOT sent letters to Appellants advising them that their operating privileges would be suspended for one year as mandated by Section 1532(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b), because of the New Jersey convictions. DOT advised Appellants that the New Jersey offenses were equivalent to violations of Section

3731 of the Vehicle Code.[1] Appellants appealed to the respective Courts of Common Pleas. Neither Appellant testified. DOT offered into evidence packages of certified documents containing, among other things, copies of electronic reports of out-of-state driver violations from the State of New Jersey, Division of Motor Vehicles which described the violations as "OPERATE UNDER THE INFLUENCE LIQ/DRUGS."

Counsel for Appellants offered certified copies of the New Jersey municipal court orders containing the prohibition of the use of the guilty pleas pursuant to the civil reservation. The trial courts dismissed the appeals, concluding that New Jersey's DUI statute is substantially similar to Article IV(a)(2) of the Compact and that DOT did not err in ordering a reciprocal suspension because of the New Jersey convictions. The trial courts further concluded

that Appellants' conviction records were admissible irrespective of the civil reservation entered before the New Jersey municipal court. This Court's review of the trial courts' orders is limited to determining whether the trial courts' findings are supported by substantial evidence, whether errors of law were made or whether the trial courts committed an abuse of discretion. *Hession v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 1135 (Pa.Cmwlth.2001).

■ Appellants first argue that the trial courts erred in concluding that the New Jersey DUI statute was of a substantially similar nature to Article IV(a)(2) of the Compact.[2] Appellants contend that the New Jersey statute actually contains four different offenses and that if the court had analyzed them individually, it should have reached the conclusion that the New Jer-

1. Section 3731(a) of the Vehicle Code provides, in pertinent part:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

2. The New Jersey DUI statute, N.J.S. § 39:4–50, Driving while intoxicated, provides as follows:

(a) Except as provided in subsection (g) of this section, a person who operates a motor

vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood shall be subject: [to enumerated fines, penalties and imprisonment].

Article IV of the Compact provides in pertinent part:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of the compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug to a degree which render the driver incapable of safely driving a motor vehicle.

sey statute was not of a substantially similar nature to the Compact. Appellants contend that the offenses of driving under the influence of an intoxicant and of driving with a blood alcohol concentration of at least 0.10 percent are not substantially similar to Art. IV(a)(2). Appellants assert that the New Jersey statute permits a conviction when a motorist is merely under the influence of an intoxicant, a lesser standard than that specified in the Compact, i.e., the driver must be under the influence of an intoxicant "to a degree which renders [him] incapable of safely driving a motor vehicle."

DOT disagrees with Appellants' contention that the New Jersey statute is not substantially similar to Article IV(a) of the Compact and directs this Court's attention to *Breen v. Department of Transportation, Bureau of Driver Licensing,* 771 A.2d 879 (Pa.Cmwlth.2001), as well as to cases that were decided prior to *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999). DOT contends that prior case law followed a stricter or equivalent standard of comparison between New Jersey and Pennsylvania DUI statutes, citing *Commonwealth v. Whisnant,* 390 Pa.Super. 192, 568 A.2d 259 (1990), and that the New Jersey statute definitely would meet the less strict standard under a *Petrovick* analysis.

DOT maintains that N.J.S. § 39:4–50(a) prohibits only one type of conduct: driving under the influence to a degree which renders the driver incapable of safe driving. It notes that New Jersey's Supreme Court in *State v. Tischio,* 107 N.J. 504, 527 A.2d 388 (1987), recognized that driving under the influence entails an appreciable diminution in a person's ability to safely operate a motor vehicle, and in *State v. Tamburro,* 68 N.J. 414, 422, 346 A.2d 401, 405 (1975), the court held that "[c]ompetency to operate a motor vehicle safely is the critical question." In addition, DOT argues that the 0.10 percent *per se* level adopted as part of the DUI statute by New Jersey in 1983 was due to the legislature's consensus that a person driving with a blood alcohol concentration of 0.10 percent or greater represents a danger to the public, citing *State v. D'Agostino,* 203 N.J.Super. 69, 495 A.2d 915 (1984). It also cites cases in which this Court has held that out-of-state DUI offenses that prohibit driving with a blood alcohol concentration of 0.10 percent or greater are substantially similar to Article IV(a)(2) of the Compact.[3]

In *Petrovick* the Supreme Court set forth a two-part analysis for determining whether DOT is permitted to sanction a Pennsylvania citizen for an out-of-state conviction under the Compact. The court stated that the relevant inquiry is whether each state's drunk driving statute is substantially similar in nature to Article IV(a)(2) of the Compact as opposed to whether the statutes are substantially similar to each other. The analysis requires a determination of whether the Pennsylvania DUI statute is of a substantially similar nature to Article IV(a)(2) and then whether the out-of-state statute is also of a substantially similar nature to the Article IV(a)(2). The *Petrovick* court conducted the first part of the analysis and found Pennsylvania's DUI statute to be substan-

**3.** *See, e.g., Leftheris v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 455 (Pa.Cmwlth.1999) (Ohio DUI statute proscribes operation of motor vehicle by driver with blood alcohol concentration of 0.10 percent or more); *Ellis v. Department of Transportation, Bureau of Driver Licensing,* 732 A.2d 1290 (Pa.Cmwlth.1999), *appeal denied,* 563 Pa. 693, 760 A.2d 857 (2000) (Wyoming's DUI statute likewise proscribes driving with blood alcohol concentration of 0.10 percent or more).

tially similar to the Compact. As a result, the only remaining inquiry in reciprocal suspension cases for out-of-state DUI convictions is whether the other state's DUI statute is substantially similar to the Article IV(a)(2). Because *Petrovick* remains good law—the Supreme Court has neither overruled nor otherwise modified its decision—this Court is bound by that case and must follow its dictates in deciding the instant appeal. Thus the Court must determine whether under *Petrovick* the New Jersey statute is of a substantially similar nature to Article IV(a)(2).

Because the New Jersey statutory language is not identical to that of the Compact, this Court may look to New Jersey case law for an interpretation of the provisions of N.J.S. § 39:4–50(a). *Petrovick.* In *Tamburro* the New Jersey's Supreme Court held that the language "under the influence" contained in N.J.S. § 39:4–50(a) generally means a substantial deterioration or diminution of one's mental faculties or physical capability whether due to intoxicating liquor, narcotic, hallucinogenic or habit-producing drugs. The court recalled that it interpreted the term under the influence in *State v. Johnson*, 42 N.J. 146, 199 A.2d 809 (1964), to mean a condition that so affected a driver's judgment or control of a motor vehicle as to render it improper for the driver to drive on the highways. When comparing New Jersey's

interpretation of its DUI statute with Article IV(a)(2) of the Compact, it becomes readily apparent that the statute is substantially similar to Article IV(a)(2). The Compact allows for reciprocal license suspension for driving a motor vehicle under the influence of intoxicating liquor or narcotic drug, which renders the driver incapable of safe driving.[4]

 Appellants also argue that the trial court erred in admitting evidence of their convictions when the New Jersey court had entered orders prohibiting the use of their guilty pleas in civil proceedings, thereby violating the Full Faith and Credit Clause of the United States Constitution, U.S. Const., Art. IV, § 1. The Court has addressed this precise issue and has concluded that a plea of guilty to DUI with a civil reservation in New Jersey does not prohibit DOT from using the conviction to impose a reciprocal license suspension in Pennsylvania. *See Bourdeev v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 59 (Pa.Cmwlth. 2000), *appeal granted*, 565 Pa. 650, 771 A.2d 1288 (2001). The Court noted in *Hession* that the conviction entered upon the driver's guilty plea established the operative fact authorizing DOT's suspension rather than the administrative procedure, which preceded the plea. The Court further noted that "[t]he Full Faith and Cred-

---

4. In *Scott v. Department of Transportation, Bureau of Driver Licensing*, 730 A.2d 539, 542 (Pa.Cmwlth.1999), *appeal granted*, 565 Pa. 658, 771 A.2d 1292 (2001), this Court concluded that the description of the offense which read "operate under the influence of liq/drugs" eliminated any inference that "the operator violated any of the disjunctive mandates set out in subsection (a) of the New Jersey statute," i.e., the offenses of permitting another person under the influence of alcohol or drugs or with a blood alcohol concentration of 0.10 percent or greater to operate a motor vehicle. Appellants' guilty pleas therefore resulted in a conviction under N.J.S.

§ 39:4–50(a) of either operating a motor vehicle under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drugs or of operating a motor vehicle with a blood alcohol level of 0.10 percent or greater. In either instance, well-reasoned case law supports the Court's holding here that the operating provisions of the New Jersey DUI statute are of a substantially similar nature to Article IV(a)(2) of the Compact. The Court reiterated in *Scott* that once DOT produces its records of convictions, the burden of persuasion shifts to the licensee to rebut any inferences that may be drawn from the records. Appellants did not meet this burden.

it Clause does not require a state to subordinate public policy within its borders to the law of another state." *Hession,* 767 A.2d at 1138, n. 4. The trial courts therefore did not err in admitting the New Jersey notices of convictions to sustain Appellants' suspensions.[5] Accordingly, the Court affirms the orders of the trial courts.

### ORDER

AND NOW, this 30th day of August, 2001, the order of the Court of Common Pleas of Chester County in the matter of Donald Jacobs and the order of the Court of Common Pleas of Delaware County in the matter of John Joyce, Jr. are hereby affirmed.

---

**5.** Any argument that Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586, represents an impermissible unilateral amendment to the Compact is waived as the issue was not raised as one of the questions on appeal to this Court. Section 1586 provides that differences between levels of impairment required by out-of-state DUI statutes to support a conviction cannot be the basis for declaring the out-of-state statute to be dissimilar to Pennsylvania's DUI statute or to Article IV(a)(2) of the Compact. *See also Crytzer v. Department of Transportation, Bureau of Driver Licensing,* 770 A.2d 820 (Pa.Cmwlth.2001).