David R. HOOK

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1999.

Decided July 8, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Frank C. Roney, Jr., Washington, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Washington County sustaining David R. Hook's appeal from a one-year suspension of his driving privileges imposed by the Department.

By notice dated March 16, 1998, the Department informed Hook as follows.

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from WEST VIRGINIA of your conviction on 02/09/1998 of an offense which occurred on 02/06/1998, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as

mandated by Section 1532B of the Vehicle Code.[1]

(Footnote added).

After a hearing, the common pleas court sustained Hook's license suspension appeal primarily on the basis of our decision in *Eck v. Department of Transportation, Bureau of Driver Licensing*, 713 A.2d 744 (Pa.Cmwlth.1998), *appeal granted*, —— Pa. ——, —— A.2d ——, 1999 WL 129507 (1999) (No. 605 M.D.1998, filed March 10, 1999). On appeal, the Department now raises one issue for our review: whether West Virginia's Driving Under the Influence (DUI) offense is "substantially similar" to Pennsylvania's DUI offense, for purposes of either suspending or revoking a Pennsylvania licensee's driving privileges under Article IV of the Driver's License Compact.[2]

We begin by noting that Article III of the Driver's License Compact relates to reports of conviction provided by the licensing authority of the party state in which the conviction occurred to the licensing authority of the licensee's home state. Article IV(a)(2) of the Compact, relating to effect of conviction, provides in part that the home state's licensing authority, in this case the Department, "shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for ... driving a motor vehicle while under the influence of intoxicating liquor...."

Moreover, Article IV(c) provides:

If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar* nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

75 Pa.C.S. § 1581. (Emphasis added).

Section 3731 of the Pennsylvania Vehicle Code provides in relevant part:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) *While under the influence of alcohol to a degree which renders the person incapable of safe driving.*

75 Pa.C.S. § 3731(a)(1). (Emphasis added).

West Virginia's DUI statute, W. Va. Code § 17C–5–2, provides in salient part:

(d) Any person who:

(1) Drives a vehicle in this state while:

(A) He is *under the influence of alcohol ...*

. . .

(2) Is guilty of a misdemeanor ....

W.Va.Code § 17C–5–2(d)(1)(A)(2). (Emphasis added).

The Department contends that, because West Virginia's DUI offense is "substantially similar" to Pennsylvania's DUI offense, the common pleas court erred in sustaining Hook's license suspension appeal on the basis of our *Eck* decision, which involves a comparison of Maryland's

---

1. Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581 sets forth the Driver's License Compact of 1961. Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3) provides that the Department shall suspend a driver's operating privilege for one year upon receiving a certified record of that driver's conviction of Section 3731 of the Code, 75 Pa.C.S. § 3731 [driving under influence of alcohol or controlled substance].

2. Our scope of review of a common pleas court decision in a license suspension appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth*, 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

DUI and Driving While Intoxicated (DWI) statutes with Pennsylvania's DUI statute. We agree with the Department that *Eck* is inapplicable, for the reasons that follow.

In *Eck*, the licensee was convicted under Md.Code, Transp. § 21–902(b), "Driving while under the influence of alcohol[,]" which provides that "[a] person may not drive or attempt to drive any vehicle while under the influence of alcohol." We stated:

> In Maryland, the use of any amount of alcohol will support a conviction of driving under the influence of alcohol (DUI). Md.Code, Transp. § 21–902(b), and Pennsylvania has no essentially similar offense. Pennsylvania's DUI statute is more akin to the Maryland offense of driving while intoxicated (DWI), Md. Code, Transp. § 21–902(a). See *Olmstead v. Department of Transportation, Bureau of Driver Licensing*, 677 A.2d 1285 (Pa.Cmwlth.1996), affirmed, 550 Pa. 578, 707 A.2d 1144 (1998).
>
> Because Maryland did not report that Eck had driven while under the influence of alcohol to a degree that he was incapable of driving safely, [the Department] cannot suspend his operating privilege under Article IV(a)(2) of the Compact as if he had been convicted of such conduct under the Pennsylvania DUI statute. Under subsection (b), Eck's conduct would have no consequences under Pennsylvania law. See Id.

*Eck*, 713 A.2d at 745.

In sharp contrast to the situation in *Eck*, however, West Virginia, like Pennsylvania, has not divided its offenses in this regard into a lesser DUI category and a more serious DWI category. That the licensee in *Eck* was convicted of the lesser DUI offense in Maryland, which punishes *any* alcohol-related impairment, renders that case more akin to the scenario in *Olmstead v. Department of Transportation, Bureau of Driver Licensing*, 677 A.2d 1285 (Pa. Cmwlth.1996), *affirmed*, 550 Pa. 578, 707 A.2d 1144 (1998) than it does to the situation herein. In *Olmstead*, we held that New York's "Driving While Ability Impaired" statute (proscribing a lesser offense than New York's DWI statute), of which Olmstead was convicted, had no equivalent in the laws of this Commonwealth. The Maryland DUI statute under which Eck was convicted has no counterpart either in West Virginia or here.

By reporting Hook's West Virginia DUI conviction to the Department, West Virginia's licensing authority actually communicated that Hook had been convicted of conduct proscribed by Article IV(a)(2) of the Driver's License Compact, which conduct would give rise to a license suspension in Pennsylvania. This is because, while West Virginia's DUI statute does not employ precisely the same language as used in the Compact, the Supreme Court of Appeals of West Virginia has stated in *State of West Virginia v. Whittington*, 168 W.Va. 288, 289–290, 284 S.E.2d 363, 365 (1981), quoting *State ex rel. Betts v. Scott*, 165 W.Va. 73, 90, 267 S.E.2d 173, 183 (1980):

> The new statutory phrase, to drive while "under the influence of alcohol," is substantially similar to the old language, driving "under the influence of intoxicating liquor." *Several courts have had occasion to consider whether such phrases are synonymous and have concluded that they are. State v. Davis*, 196 N.W.2d 885, 890 (Iowa 1972); *State v. Cox*, 478 S.W.2d 339 (Mo.1972); *State v. Medearis*, N.D., 165 N.W.2d 688, 692–93 (1969); see *State v. Miles*, 8 Or.App. 189, 492 P.2d 497(1972).

(Emphasis added).

In *Fisher v. Department of Transportation, Bureau of Driver Licensing*, 709 A.2d 1008, 1010 (Pa.Cmwlth.1998), *appeal granted*, —— Pa. ——, —— A.2d ——, 1999 WL 326255 (1999) (No. 259 W.D. Alloc. Dkt.1998, filed May 25, 1999), this Court stated that the language of Pennsylvania's DUI statute, that "[a] person shall not drive, operate or be in actual physical control of the movement of a vehicle ... [w]hile under the influence of alcohol to a degree which renders the person incapable

of safe driving[,]" is substantially similar to the language in New Hampshire's DUI statute that "[n]o person shall drive or attempt to drive a vehicle upon any way ... [w]hile such person is under the influence of intoxicating liquor" for purposes of Article IV(c) of the Driver's License Compact.

Since West Virginia's DUI statute employs language that, as interpreted by the Supreme Court of Appeals of West Virginia, is synonymous with language in Article IV(a)(2) of the Compact, and also with language we have held to be substantially similar to Section 3731(a) of the Pennsylvania Vehicle Code, we hold that the common pleas court erred in sustaining Hook's appeal based on its conclusion that the West Virginia DUI statute was not "substantially similar" to Pennsylvania's DUI statute. For this reason, we reverse its order.[3]

### ORDER

AND NOW, this 8th day of July, 1999, the Order of the Court of Common Pleas of Washington County, No. 98–1672, dated November 16, 1998, is hereby reversed.

---

**3.** We also point out that our review of the record reflects, contrary to Hook's assertions in his responsive brief, that the documenta-

tion from West Virginia sufficiently met the reporting requirements mandated by the Compact.