Jay R. HUNT, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA- TION, BUREAU OF DRIVER LI- CENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.

Decided March 29, 2000.

never found guilty of the West Virginia offense, having pled no contest. Neither of these arguments is persuasive.

Hunt was arrested in Morgantown, West Virginia on July 10, 1998, and charged with violating a Morgantown City Ordinance that prohibits driving under the influence of alcohol. On October 8, 1998, Hunt pled *nolo contendere* in a West Virginia court, was convicted, and sentenced to 24 hours in jail.

West Virginia is a member of the Driver License Compact of 1961, so reported the conviction to Pennsylvania, as required by Article III of the Compact.[4] Pursuant to Article IV of the Compact, 75 Pa.C.S. § 1581, the Pennsylvania Department of Transportation treated the conviction as if Hunt had been convicted under 75 Pa.C.S. 3731(a), Pennsylvania's statute prohibiting driving under the influence.[5]

This Court just last year held that West Virginia's state DUI statute is substantially similar to Pennsylvania's in *Hook v. Department of Transportation, Bureau of*

Simon B. John, Uniontown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, and COLINS, J., and LEADBETTER, J.

LEADBETTER, Judge.

Jay R. Hunt appeals a one year suspension of his driving privileges pursuant to the Driver's License Compact of 1961,[1] claiming first that West Virginia's statute[2] is not substantially similar to Pennsylvania's,[3] and second, that he was

1. The Compact was enacted in Pennsylvania in 1996. Act of 1996, Dec. 10, P.L. 925, 75 Pa.C.S. § 1581.

2. Appellant was in fact convicted under a Morgantown, West Virginia city ordinance, which was based upon West Virginia's § 17C–5–2. As the two use practically identical words, we will treat them as identical for purposes of determining substantial similarity. Cf. Morgantown Ordinance 331.01(c)(1)(A) (333.01 DRIVING UNDER THE INFLUENCE ... (c) Any person who: (1) Drives a vehicle in this Municipality while: A. He or she is under the influence of alcohol ... ) with W.Va.Code § 17C–5–2(d)(1)(A)((d) Any person who: (1) Drives a vehicle in this state while: (A) He is under the influence of alcohol ... )

3. As the Supreme Court in *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999) noted, the "substantial similarity" envisioned by the Compact as enacted "does not call for a direct comparison of Pennsylvania's statute to the out-of-state statute," but rather whether the two state statutes are " 'of a substantially similar nature' to Article IV(a)(2)." *Petrovick,*

741 A.2d at 1266. The Supreme Court has already completed half of this task by determining that Pennsylvania's 75 Pa.C.S. § 3731(a)(1) is substantially similar to Article IV(a)(2) of the Compact. *Id.* at 1268. Our task is then to determine whether West Virginia's statute is substantially similar to Article IV(a)(2) of the Compact.

4. "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee...." 75 Pa.C.S. § 1581, Article III.

5. "The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for ... (2) driving a vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;" 75 Pa.C.S. § 1581(a)(2), Article IV.

*Driver Licensing,* 734 A.2d 458 (Pa. Cmwlth.1999). Hunt argues, nonetheless, the West Virginia's DUI statute "lacks a substantial element imposed under Pennsylvania law which makes the offense in the Commonwealth greater than that in Morgantown." Appellants brief, at 8. Specifically, Hunt observes that the Pennsylvania statute requires driving "under the influence of alcohol to a degree which renders him incapable of driving safely." 75 Pa.C.S.A. § 3731, while the West Virginia statute merely requires driving "under the influence of alcohol."

■ We note first that since the parties submitted their briefs, the Supreme Court has decided *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999). *Petrovick* teaches that "difference in the language . . . is not the salient distinction." *Petrovick,* 559 Pa. at 627, 741 A.2d at 1271. "Rather . . . it is the effect of the language in defining the scope of the offense which determines whether or not the out-of-state statute is of a substantially similar nature to Article IV(a)(2)." *Id.* In other words, the relevant inquiry is not only what the out of state DUI statute says, but how it is interpreted and applied. As *Hook* relies almost entirely upon the language of the West Virginia statute, it cannot be the sole basis for our decision.[6] Rather, we must delve into West Virginia case law to determine substantial similarity.

■ The Supreme Court of Appeals of West Virginia provides a relevant statutory history of West Virginia's DUI statute in *State v. Blankenship,* 198 W.Va. 290, 480 S.E.2d 178 (1996), which demonstrates that West Virginia's statute does not proscribe a level of impairment less than that

proscribed under the Compact. The Court there teaches:

> Until 1986, West Virginia regarded a driver with a blood alcohol content of ten hundredths of one percent or more by weight as prima facie evidence of intoxication, however, driving with such a blood alcohol content was not a crime per se. *See State ex rel. Kutsch v. Wilson,* 189 W.Va. 47, 50–51, 427 S.E.2d 481, 484–85 (1993). Prior to 1986, it was possible, therefore, for a person driving a motor vehicle with a blood alcohol content of ten hundredths of one per cent or more by weight to be found not guilty of driving under the influence of alcohol. The West Virginia Legislature corrected this anomaly in 1986 by amending W. Va.Code 17C–5–2 to make the act of driving a vehicle in this State, while having an alcoholic concentration of ten hundredths of one percent or more, a crime per se.

*Blankenship,* 198 W.Va. at 294, 480 S.E.2d at 182. Since West Virginia, like Pennsylvania, equates driving under the influence with a 0.10% blood alcohol content, the level of impairment required in West Virginia is substantially similar to the standards employed in Pennsylvania and under the Compact. *Ellis v. Department of Transportation, Bureau of Driver Licensing,* 732 A.2d 1290 (Pa.Cmwlth.1999). Further, in *State v. Gustke,* 205 W.Va. 72, 516 S.E.2d 283 (1999), West Virginia's Supreme Court found that driving under the influence is a breach of the peace. "Like flourishing a loaded pistol while intoxicated, operating an automobile while under the influence is reckless conduct that places the citizens of his State at great risk of serious physical harm or death." *Gust-*

---

**6.** *Hook* utilizes West Virginia case law to determine that the language of West Virginia's statute is substantially similar to New Hampshire's DUI statute, and then relies upon *Fisher v. Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008, 1010 (Pa. Cmwlth.1998), *appeal granted* —— Pa. ——, —— A.2d —— (1999), which held New Hampshire's DUI statute substantially similar under

the Compact. Under *Petrovick,* that analysis is insufficient for two reason: first, *Fisher* is now open for re-analysis as it relies solely upon a dictionary definition of "intoxicated," rather than New Hampshire's interpretation of it; and second, even if *Fisher* remains good law, statutes with identical words may nonetheless be interpreted dissimilarly by their respective state courts.

*ke,* 516 S.E.2d at 292. We re-affirm *Hook*'s conclusion that a West Virginia conviction of a Pennsylvania licensee must, pursuant to the Compact, be accorded the same effect as if it had occurred in Pennsylvania.

Next, Hunt argues that his situation is not covered by the Compact, since he entered a plea of "no contest." He argues that "Since the Compact does not include a plea of no contest ... within the definition of a 'conviction', your Appellant would submit that the Compact does not encompass pleas of nolo contendere." Appellant's Brief, at 13. However, our Supreme Court has made clear that although a plea of *nolo contendere* may not be used as an admission of civil liability or fault, it operates as a conviction with all attendant legal consequences. *Eisenberg v. Dept. of Public Welfare,* 512 Pa. 181, 516 A.2d 333 (1986). Accordingly, this court has repeatedly upheld suspensions based upon pleas of no contest. *Pepperling v. Dept. of Transportation, Bureau of Driver Licensing,* 737 A.2d 310 (Pa.Cmwlth.1999); *Smega v. Dept. of Transportation, Bureau of Driver Licensing,* 727 A.2d 154 (Pa. Cmwlth.1999); *Mackall v. Dept. of Transportation, Bureau of Driver Licensing,* 680 A.2d 31 (Pa.Cmwlth.1996).

For the foregoing reasons, the order of the Court of Common Pleas of Fayette County is affirmed.

ORDER

AND NOW, this 29th day of March, 2000, the order of the Court of Common Pleas of Fayette County in the above captioned matter is affirmed.