Sharon FERRELLI, Appellant,

v.

COMMONWEALTH of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing.

Phillip W. Mercer, Sr., Appellant,

v.

Commonwealth of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 2001.

Decided Sept. 14, 2001.

William E. Galloway, Weirton, WV, for appellants.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Sharon Ferrelli and Philip W. Mercer, Sr. (Licensees) appeal from the orders of the Court of Common Pleas of Washington County filed November 13, 2000, which dismissed their individual statutory appeals of a one-year suspension of their operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department) in accordance with Article IV(a)(2) of the Driver's License Compact, 75 Pa.C.S. § 1581.[1] We affirm.

Licensees were each arrested and charged on separate occasions in Hancock County, West Virginia for a first offense of driving under the influence of alcohol, W.Va.Code § 17C–5–2. Both Licensees executed written plea agreements of no contest that were memorialized in West Virginia court orders containing, *inter alia*, with the following clauses:

> That in reliance upon the terms of said "Plea Agreement" the Defendant has voluntarily proffered a plea of nolo contendere, no contest, to the charge of a first offense of driving under the influence of alcohol. . . .

> That pursuant to the agreement of the parties, insofar as, and only insofar as, pertains to the provisions of W.Va.Code Ann. § 17C–5A–1a or any similar statute in this or any other state, which statute or statutes concern a driver's license revocation upon a conviction of driving under the influence of alcohol, *the Defendant's plea of no contest, nolo contendere, herein does not serve as a basis for stating that the Defendant was convicted of the offense of driving under the influence of alcohol.* That pursuant to the agreement of the parties it is further ordered that as pertains solely to said W.Va.Code Ann. § 17C–5A–1a or any similar statute in this or any other state, *the Defendant, upon her plea of no contest, nolo contendere, herein is not deemed to be convicted of the offense of driving under the influence of alcohol.*

Ferrelli R.R. at 10a; Mercer R.R. at 105a–106a (emphasis added). The Department subsequently received notification from West Virginia of Licensees' "convictions". The Department then notified Licensees that their conduct would be treated as if they were convicted under Pennsylvania's statute prohibiting driving under the influence, 75 Pa.C.S. § 3731(a), pursuant to Article IV of the Compact.[2] Timely ap-

---

1. Pursuant to Pa. R.A.P. 2137, Ferrelli and Mercer have filed a single, consolidated brief.

2. Article IV of the Compact states:

 The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

 . . . .

 (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other

peals were filed with the Court of Common Pleas of Washington County, which were later denied following hearings *de novo*.

Licensees raise three issues before this Court. The first issue is whether they were truly convicted of driving under the influence because the West Virginia court order explicitly stated that Licensees were not convicted of such offenses. The second related issue is whether, under the Full Faith and Credit Clause of the Constitution of the United States, the Department should have deferred to the West Virginia court order and not suspended their licenses. The final issue is whether the civil license revocation proceedings were a successive criminal prosecution prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States' Constitution.

In *Hunt v. Department of Transportation, Bureau of Driver Licensing,* 750 A.2d 922, 925 (Pa.Cmwlth.2000), we considered whether a plea of no contest in West Virginia on charges of driving under the influence of alcohol was a "conviction" under the Compact. We concluded that a plea of no contest operates as a conviction with all attendant legal consequences. *Id.* citing *Eisenberg v. Department of Public Welfare,* 512 Pa. 181, 185–86, 516 A.2d 333, 335–36 (1986). Accordingly, it was held that a Pennsylvania driver's license suspension under the Compact may be based upon a plea of no contest in West Virginia. *Id.* at 925, 516 A.2d 333.

Moreover, in *Eisenberg,* the Court stated that a plea of no contest, when accepted by a court, is equivalent to a plea of guilty, both of which result in a *judgment* of conviction.[3] *Eisenberg,* 512 Pa. at 185, 516 A.2d at 336 quoting *Commonwealth v. Ferguson,* 44 Pa. Superior Ct. 626, 628 (1910). We have held in license revocations that it is the conviction, and not how the conviction came about, that is important. *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59, 62 (Pa.Cmwlth.2000) (addressing New Jersey's criminal convictions with civil reservations). Accordingly, the "no contest" pleas entered into by Licensees in West Virginia are deemed convictions under Pennsylvania law.[4] *Cf. University of West Virginia Board of Trustees v. Fox,* 197 W.Va. 91, 96, 475 S.E.2d 91, 96 (1996) ("Where the conviction was based upon a plea of no contest, it may not be considered an admission of guilt of particular acts.").

Licensees argue that *Hunt* is distinguishable because their plea bargains expressly state, as a term of the agreement, that the plea is not to be deemed a conviction. The Department, however, contends that merely referring to the plea arrangement as "no conviction" does not make it so. We have addressed similar issues with the use of guilty pleas with "civil reservations" in New Jersey courts. Pursuant to New Jersey court rules, the courts may order that a licensee's guilty plea to a

---

drug to a degree which renders the driver incapable of safely driving a motor vehicle; 75 Pa.C.S. § 1581.

**3.** The treatment of judgments under the Full Faith and Credit Clause is discussed *supra.*

**4.** Licensees urge this Court to apply *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth. 1998). In *Laughlin,* we held that a licensee's discharge from probation in Maryland is

without judgment of conviction and, therefore, would not amount to a conviction under the Compact. *Id.* at 852; *cf. Boulis v. State Board of Chiropractic,* 729 A.2d 645, 648 (Pa. Cmwlth.1999) ("In Pennsylvania, probation without a verdict is a conviction for which a [professional] license is properly suspended."). *Laughlin* is inapplicable to the matter *sub judice* because, as a matter of law, Licensees' plea bargains operate as convictions.

charge of driving under the influence not be admissible in any civil proceeding. *See* N.J.R. 7:6–2(a)(1). The issue before this Court was whether the Full Faith and Credit Clause compelled Pennsylvania courts to recognize the preclusive effect of the New Jersey "civil reservations" in license revocation proceedings under the Compact. We have consistently held that recognition of "civil reservations" by Pennsylvania Courts was not required in these matters. *Breen v. Department of Transportation, Bureau of Driver Licensing,* 771 A.2d 879 (Pa.Cmwlth.2001); *Hession v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 1135 (Pa. Cmwlth.2001); *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000).

■ Our basis for this holding has been that "[t]he Full Faith and Credit Clause does not require a state to subordinate public policy within its borders to the laws of another state ..." *Bourdeev,* 755 A.2d at 62 quoting *Rigney v. Edgar,* 135 Ill. App.3d 893, 898, 90 Ill.Dec. 548, 482 N.E.2d 367, 372 (1985); *Hession* 767 A.2d at 1138 n. 4; *accord Breen,* 771 A.2d at 881. Further, it is the strong public policy of Pennsylvania to protect its citizens from drunk drivers. *See id.* Thus, we concluded that to give effect to the more lenient procedural rules of Compact-member states, such as "civil reservations", would be contrary not only to the policy of Pennsylvania but also to the purpose of the Compact.

In *Gies v. Department of Transportation, Bureau of Driver Licensing,* 770 A.2d 799, 801–02 (Pa.Cmwlth.2001), the licensee attempted to distinguish our prior "civil reservation" holdings. The licensee argued that the matter involved not only New Jersey Rule of Court 7:6–2(a)(1) but also the *judicial order* of a New Jersey court, which stated that the conviction may

not be used to suspend licensee's operating privilege in Pennsylvania. We held that the Full Faith and Credit Clause did not compel Pennsylvania to give effect to the New Jersey court order. *Id.* at 802. Our analysis in *Gies* was based in part on the United States Supreme Court's pronouncement in *Baker by Thomas v. General Motors Corp.,* 522 U.S. 222, 225, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998).

■ In the matter *sub judice,* Licensees raise an argument similar to that in *Gies.* While the outcome is the same, our analysis must be refined to the extent that our opinion in *Gies* relied upon the public policy of Pennsylvania. The Supreme Court in *Baker* acknowledged that its precedent differentiates between the credit owed to *laws* and the credit owed to *judgments* under the Full Faith and Credit Clause. *Baker,* 522 U.S. at 232, 118 S.Ct. 657. "The Full Faith and Credit Clause does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter [ ] which it is competent to legislate." *Id.* (citation omitted). The Court's decisions, however, "support no roving 'public policy exception' to the full faith and credit due *judgments.*" *Id.* at 233, 118 S.Ct. 657 (emphasis in the original). Unlike the Rules of Court in the New Jersey decisions, this is not a question of determining the credit owed, based on Pennsylvania's public policy, to a West Virginia law. In fact, *Baker* strongly suggests that public policy arguments are not applicable to whether the Pennsylvania courts should give a *judgment,* such as that rendered by the West Virginia court, full faith and credit.

■ As stated by the Supreme Court, there are two essential elements to a judgment that entitle it to be given full faith and credit:

A final judgment in one State, if rendered by a court with *adjudicatory authority over the subject matter and persons governed by the judgment,* qualifies for recognition throughout the land. For claim and issue preclusion purposes, in other words, the judgment of the rendering State gains nationwide force. *Baker,* 522 U.S. at 233, 118 S.Ct. 657 (footnote and citations omitted) (emphasis added). Specifically, a court's "decree cannot determine evidentiary issues in a lawsuit brought by parties who were not subject to the jurisdiction of the [ ] court." *Id.* at 239, 118 S.Ct. 657. The Supreme Court cautioned, however, that its conclusion did not permit a state to refuse to honor another state's judgment based on the forum state's policy preferences. *Id.*

 In accordance with *Baker,* our non-recognition of the preclusive West Virginia court order is not based on the theory that compliance with such order would be contrary to Pennsylvania's strong public policy. Rather, we conclude that Pennsylvania is not required to give full faith and credit to the West Virginia court order in licensee revocation proceedings because the West Virginia court lacked adjudicatory authority over the licensure action and all persons governed by the judgment, namely the Department of Transportation, Bureau of Driver Licensing. We consider it now to be law that under the Full Faith and Credit Clause, another state's court, either through a rule of procedure or judicial order, may not control the admissibility of plea agreements received by a court in a sister state for the purpose of license revocation proceedings. Just as the procedural rules of New Jersey courts do not govern licensure suspension procedures in Pennsylvania, neither do the orders of West Virginia's courts.[5]

The orders of the Court of Common Pleas of Washington County are affirmed.

## ORDER

AND NOW, this 14th day of September, 2001 the orders of the Court of Common Pleas of Washington County entered November 13, 2000 which denied the statutory appeals of Sharon Ferrelli and Philip W. Mercer, Sr. from a one-year suspension on their operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing pursuant to 75 Pa.C.S. §§ 1532(b)(3) and 1581, Art. IV(a)(2) are hereby affirmed.

FRIEDMAN, Judge, Dissenting.

I respectfully dissent. First, I disagree with the majority's conclusion that Sharon Ferrelli and Phillip W. Mercer, Sr. (Appellants) were "convicted" in West Virginia of driving under the influence of alcohol (DUI) for the purposes of Article IV of the Drivers License Compact (Compact), 75 Pa.C.S. § 1581. (Majority op. at 893.) Second, I disagree with the majority's conclusion that the Full Faith and Credit Clause of the U.S. Constitution[1] does not

---

**5.** Licensees' remaining argument concerning double jeopardy is summarily rejected as a matter of settled law. *See e.g., Urciuolo v. Department of Transportation, Bureau of Driver Licensing,* 684 A.2d 1094, 1096 (Pa. Cmwlth.1996) (holding that the civil nature and remedial purpose of license suspensions cannot provide the grounds for a double jeopardy challenge).

**1.** The Full Faith and Credit Clause provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const., art. IV, § 1. Pursuant to this clause, Congress has prescribed as follows: Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall

apply here because the West Virginia court lacked adjudicatory authority over the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT). (Majority op. at 894–95.) Thus, unlike the majority, I would reverse the November 13, 2000 order the Court of Common Pleas of Washington County (trial court).

## I. "Conviction"

Article IV(a)(2) of the Compact states that DOT shall give the same effect to out-of-state conduct as it would if such conduct had occurred in Pennsylvania where the out-of-state conduct resulted in a "conviction" for DUI which renders the driver incapable of safe driving. 75 Pa.C.S. § 1581.

The majority concludes that Appellants' conduct in West Virginia resulted in "convictions" for DUI because Appellants entered *nolo contendere* pleas. In reaching this conclusion, the majority relies upon *Hunt v. Department of Transportation, Bureau of Driver Licensing,* 750 A.2d 922 (Pa.Cmwlth.), *appeal denied,* 564 Pa. 718, 764 A.2d 1073 (2000), and *Eisenberg v. Department of Public Welfare,* 512 Pa. 181, 516 A.2d 333 (1986), for the proposition that a *nolo contendere* plea is deemed a "conviction" in Pennsylvania license suspension cases. However, neither *Hunt*

nor *Eisenberg* involved a court order specifically stating that the *nolo contendere* plea shall *not* be deemed a DUI "conviction." (*See* Ferrelli R.R. at 10a–11a; Mercer R.R. at 9a–10a.) Because *Hunt* and *Eisenberg* did not address the possible effect of such a court order under the Full Faith and Credit Clause, I do not believe that those cases are dispositive here.

## II. Full Faith and Credit

In determining whether a licensee's out-of-state conduct resulted in a "conviction," DOT, and this court, must give full faith and credit to the laws of the other state.[2] *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 670, 739 A.2d 168 (1999) (giving full faith and credit to Maryland law with respect to the final disposition of a DUI case).

Under the Full Faith and Credit Clause, a final judgment in one state, if rendered by a court with adjudicatory authority over the subject matter and the persons governed by the judgment, qualifies for recognition throughout the land. *Baker by Thomas v. General Motors Corporation,* 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). There is no "public policy exception" to the full faith and credit due a court's judgment.[3] *Id.* Moreover, under

---

have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. 28 U.S.C. § 1738.

2. The majority states that *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 670, 739 A.2d 168 (1999), does not apply here because, as a matter of law in Pennsylvania, a *nolo contendere* plea operates as a conviction. (Majority op. at 893 n. 4.) However, the whole point of the Full Faith and Credit Clause is that the laws or

judicial proceedings of the *other state* should be given effect, whatever the law might be in Pennsylvania. Therefore, I cannot accept the majority's rationale for rejecting the applicability of *Laughlin* in this case.

3. As the majority points out, in *Gies v. Department of Transportation, Bureau of Driver Licensing,* 770 A.2d 799 (Pa.Cmwlth.2001), this court relied upon the public policy of Pennsylvania in deciding not to give full faith and credit to a New Jersey court order. (*See* majority op. at 894.) It seems to me that the reliance on Pennsylvania's public policy in *Gies* was contrary to the U.S. Supreme

the Full Faith and Credit Clause, the preclusive effect of a court's order extends to parties and to those "in privity" with them. *Id.*

Indeed, privity signifies that a relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon the other although the other was not a party to the action. BLACK'S LAW DICTIONARY 1199 (6th ed.1990). Privity exists where there is a mutuality of interest, which may arise out of a contract, a connection or some bond of union. *Id.*

Here, Appellants were charged with violating Article 331.01 of the Code of the City of Weirton, which adopts West Virginia's DUI statute. (*See* Mercer's R.R. at 50a, 51a.) Certainly, the West Virginia court had adjudicatory authority over the DUI cases and its parties, Appellants and the City of Weirton. The majority concludes that the Full Faith and Credit Clause does not apply here because the court lacked adjudicatory authority over DOT. (Majority op. at 894.) However, as indicated above, the preclusive effect of a court's order under the Full Faith and Credit Clause extends to those "in privity" with the parties to an action.

I believe that DOT is "in privity" with the City of Weirton in this case because of the Compact, which specifically mentions the violation of local ordinances relating to DUI, and because of the mutual interest of DOT and the City of Weirton in protecting citizens from drunk drivers. Therefore, I would hold that the trial court violated the constitutional rights of Appellants by failing to give full faith and credit to the West Virginia court order stating that Appel-

lants' *nolo contendere* pleas shall *not* be deemed DUI "convictions."

Accordingly, I would reverse.

Court's statement in *Baker* that there is no "public policy exception" to the full faith and credit due a court's judgment. *Cf. Gies* (Friedman, J., concurring).