J-S36005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON BRADY KESSLER | : | |
| | : | |
| Appellant | : | No. 439 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 28, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-SA-0000019-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON BRADY KESSLER | : | |
| | : | |
| Appellant | : | No. 440 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 28, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-SA-0000027-2023

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: FEBRUARY 6, 2025**

Aaron Brady Kessler appeals from the judgments of sentence,[1] imposed in the Court of Common Pleas of Lycoming County, after the trial court, in a trial *de novo*, convicted him of three counts of unlawful operation of ATV on

---

[1] By order dated September 11, 2024, this Court consolidated Kessler's appeals *sua sponte*.  **See** Pa.R.A.P. 513.

highway[2] and two counts of failure to cover off-road lighting lamps while operating on highway.[3]  After our review, we dismiss the appeal.

On May 10, 2023, Pennsylvania State Trooper Paul Beard was on stationary patrol facing east on Route 180, Loyalsock Township, Lycoming County.  *See* N.T. Trial *De Novo*, 11/21/23, at 5-6.  While stationed in the emergency crossover, Trooper Beard observed a Polaris side-by-side all-terrain vehicle ("ATV") traveling eastbound on Route 180.  *Id.* at 6.  Because it is illegal to operate an ATV on a highway in Pennsylvania, *id.* at 7, Trooper Beard entered the roadway, activated his emergency light and siren, and pulled the vehicle over.  *Id.* at 6.  After making contact with the operator, Trooper Beard learned that the ATV was registered in Montana as a "quadricycle," a designation not used in Pennsylvania.  *Id.* at 7, 15.  Trooper Beard testified that the vehicle would be defined as an ATV in Pennsylvania. *Id.* at 15.  Trooper Beard towed the vehicle for safety purposes.  *Id.* at 16, 24.  Per the manufacturer's specifications, Trooper Beard determined that the vehicle was listed as weighing over 1200 pounds.  *Id.* at 17, 24-25. Ultimately, Trooper Beard issued numerous citations to Kessler, including, as relevant to this appeal, one count each under sections 7721(a) and 4303(f) of the Motor Vehicle Code.

_____

[2] 75 Pa.C.S.A § 7721(a).

[3] *Id.* at § 4303(f)

Pennsylvania State Trooper Matthew J. Baux testified that, on May 10, 2023, he was working a 7:00 a.m. to 3:00 p.m. shift when he received a call that there was an ATV driving down the highway westbound in the direction of Williamsport City. *Id.* at 35. After patrolling the area, Trooper Baux was unable to locate the vehicle. *Id.* Later in the day, Trooper Beard "called up that he had stopped said ATV traveling eastbound on Interstate 180 in Loyalsock Township." *Id.* Approximately one hour later, Trooper Baux observed an ATV matching the description of the vehicle Trooper Beard had referenced traveling eastbound on Broad Street towards the center of Montoursville Borough. *Id.* Trooper Baux subsequently conducted a traffic stop of the ATV in a CVS parking lot on Broad Street in Montoursville. *Id.* at 36. During the stop, Trooper Baux asked Kessler why he was driving an ATV on the roadway again after just having been towed and advised not to drive on the roadway. *Id.* Trooper Baux subsequently issued Kessler citations for, *inter alia*, a violation of section 7721(a). *Id.* at 36-37. Finally, Trooper Baux testified as follows:

> we received guidance from our legal counsel a few years ago about people registering ATVs that are currently referred to as side-by-sides out of Montana to circumvent Pennsylvania laws believing that they could drive them on the streets of [sic] highways. Pennsylvania in Chapter 77, it's a snow mobile and ATV section[,] defines an ATV as a motorized off-highway vehicle [that] has three or more tires, and [divides them into] Class 1 or 2. Class 1 [] has a maximum width of 50 inches and a [] maximum dry weight of 1200 [pounds], and then Class 2 [has] a width that exceeds 50 inches and a [] dry weight that exceeds 1200 [pounds].

When I received this information I was working at a different county [where] ATVs were more prolific[,] so I was more versed in them coming into this, and I knew that this [] Montana registration type thing was gaining popularity in Pennsylvania. So that's how I knew that. I had [] looked up the definition of an ATV prior to interacting with him that day.

***Id.*** at 37-38.

Subsequent to his interactions with Troopers Beard and Baux on May 10, 2023, Kessler was stopped a third time—on June 30, 2023, the date of his summary trial on the first tranche of charges—and Trooper Beard again cited him for, *inter alia*, one violation each of sections 7721(a) and 4303(f).

On June 30, 2023, Kessler appeared before a magistrate for a summary trial on the May 10, 2023 violations and was found guilty on all counts. Kessler filed a notice of summary appeal of those convictions to the court of common pleas on July 28, 2023. On August 31, 2023, Kessler appeared before the magistrate for trial on the June 30, 2023 violations and was again convicted on all counts. He filed a notice of summary appeal of those convictions on September 28, 2023. The cases were consolidated for a trial *de novo* before the Honorable William P. Carlucci on November 21, 2023. Following the close of evidence, the court granted defense counsel's request to brief the matter in lieu of closing arguments. Both parties filed briefs and, on February 26, 2024, the court held oral argument. On February 28, 2024, Judge Carlucci issued an opinion and order in which he found Kessler guilty of three violations of section 7721(a) and two violations of section 4303(f). The court found Kessler not guilty of the remaining violations.

Kessler filed timely notices of appeal to this Court, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

1. Whether the Commonwealth presented sufficient evidence to find [Kessler] guilty beyond a reasonable doubt of violating [sections] 7721(a) and 4303(f), specifically whether [Kessler's] vehicle is [] an all[-]terrain vehicle [as] defined in 7[5] Pa.[C.S.A.] § 7702(2)?

2. Whether [section] 7702 (defining an all[-]terrain vehicle) is subject to the "vagueness doctrine" and deemed unconstitutionally vague?

3. Whether Pennsylvania must recognize properly licensed vehicles from other states wherein there is no reciprocal definition in Pennsylvania?

Brief of Appellant, at 6.

Prior to addressing Kessler's claims, we must determine whether they are waived. Pennsylvania Rule of Appellate Procedure 2119(a) requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (citation omitted). Further, if the defects in the brief of the appellant are substantial, the appeal may be quashed or dismissed. *See* Pa.R.A.P. 2101.

Here, with respect to his first claim regarding the sufficiency of the evidence, Kessler provides no citation to relevant caselaw other than block

quotations of sections 7702 and 7721 and a case setting forth the standard of review of a sufficiency claim. Kessler provides no legal discussion other than baldly asserting that Pennsylvania has no legal classification for quadricycles and that enforcement of their use "is purely arbitrary and subjective by [c]ounty." Brief of Appellant, at 11.

Similarly, with regard to his third claim, invoking the full faith and credit clause, Kessler's two-page argument consists of: (1) a block quotation of the full faith and credit clause of the United States Constitution; (2) a citation to **Ferrelli v. Commonwealth**, 783 A.2d 891 (Pa. Cmwlth. 2001),[4] for the proposition that the full faith and credit clause does not require Pennsylvania to subordinate its public policy to the laws of another state; and (3) a bald argument that "since Pennsylvania law does not adequately define the vehicle in question, Pennsylvania is required to accept the foreign definition." Brief of Appellant, at 17. Kessler provides no legal authority for this claim.

Given Kessler's failure to develop meaningful argument with "such discussion and citation to authorities as are deemed pertinent," **see** Pa.R.A.P. 2119(a), we are constrained to find his first and third claims waived. **See Commonwealth v. Irby**, 700 A.2d 463, 464 (Pa. Super. 1997) ("[A]rguments which are not sufficiently developed are waived."); **see also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation

---

[4] We note that decisions rendered by the Commonwealth Court are not binding on this Court. **See Beaston v. Ebersole**, 986 A.2d 876, 881 (Pa. Super. 2009)

omitted) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

With regard to Kessler's second claim—that section 7702 is void for vagueness—we note that Kessler did not make this argument in the trial court and raised it for the first time in his Rule 1925(b) statement. "It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal." *Commonwealth v. Johnson*, 33 A.3d 122, 126 (Pa. Super. 2011). *See also* Pa.R.A.P. 302 ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017) (citation omitted). Because Kessler failed to raise his claim before the trial court, he has waived it for purposes of appeal.

Appeal dismissed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/6/2025