2 A.3d 1282 (2010)
William H. FOWLER III, Appellant
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.
No. 2095 C.D. 2009.
Commonwealth Court of Pennsylvania.
Submitted on Briefs March 26, 2010.
Decided August 5, 2010.
*1283 Erv D. McLain, Bethlehem, for appellant.
Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.
BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.
OPINION BY Senior Judge KELLEY.
William H. Fowler III (Licensee) appeals from an order of the Court of Common Pleas of Northampton County (Trial Court) denying and dismissing Licensee's appeal from an action of the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT). DOT denied Licensee's request to renew his Pennsylvania driver's license on the ground that his operating privilege has been revoked in the State of Florida. We affirm.
The following facts are taken from the Trial Court's brief Opinion, issued in conjunction with its order dated September 21, 2009. Based upon Licensee's fourth conviction for driving under the influence of alcohol (DUI), Florida permanently revoked Licensee's driver's license.[1] The relevant Florida statute reads:
Period of suspension or revocation
* * *
(2) In a prosecution for a violation of s. 316.193 [governing driving under the influence, and penalties therefor] or former s. 316.1931, the following provisions apply:
* * *
(e) The court shall permanently revoke the driver's license or driving privilege of a person who has been convicted four times for violation of s. 316.193 or former s. 316.1931 or a combination of such sections. The court shall permanently revoke the driver's license or driving privilege of any person who has been convicted of DUI manslaughter in violation of s. 316.193. If the court has not permanently revoked such driver's license or driving privilege within 30 days after imposing sentence, the department shall permanently revoke the driver's license or driving privilege pursuant to this paragraph. No driver's license or driving privilege may be issued or granted to any such person. This paragraph applies only if at least one of the convictions for violation of s. 316.193 or former s. 316.1931 was for a violation that occurred after July 1, 1982. For the purposes of this paragraph, a conviction for violation of former s. 316.028, former s. 316.1931, or former s. 860.01 is also considered a conviction for violation of s. 316.193. Also, a conviction of driving under the *1284 influence, driving while intoxicated, driving with an unlawful blood-alcohol level, or any other similar alcohol-related or drug-related traffic offense outside this state is considered a conviction for the purposes of this paragraph.
FLA. STAT. § 322.28 (2002). Licensee subsequently applied for a Pennsylvania license, and by notice dated February 4, 2009,[2] DOT refused to grant a license based upon the Florida revocation, pursuant to Section 1503(a)(1) of the Vehicle Code, which reads:
(a) Persons ineligible for licensing.
The department shall not issue a driver's license to, or renew the driver's license of, any person:
(1) Whose operating privilege is suspended or revoked in this or any other state.
75 Pa.C.S. § 1503(a)(1).
Before the Trial Court, Licensee argued that Florida's permanent license revocation constitutes a wide disparity with the one-year license suspension for a fourth DUI under relevant Pennsylvania law.[3]
Citing to Department of Transportation v. Rosenberry, 28 Pa.Cmwlth. 582, 369 A.2d 1359 (1977), the Trial Court concluded that it was without the authority to invalidate Licensee's Florida revocation for purposes of DOT's issuance of a Pennsylvania license. In Rosenberry, we held that a DOT refusal to issue a driver's license to an individual whose operating privilege had been suspended in another state was proper, where the licensee therein had his operating privilege suspended for ten years by the State of New Jersey following a second DUI offense. In the wake of the Trial Court's order in the instant matter, Licensee now appeals to this Court.
This Court's scope of review of a trial court decision in a driver's license appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion. Lafferty v. Department of Transportation, Bureau of Driver Licensing, 735 A.2d 1289 (Pa.Cmwlth.), petition for allowance of appeal denied, 563 Pa. 622, 757 A.2d 936 (2000).
Licensee presents one general issue for review: whether the Trial Court erred as a matter of law in sustaining DOT's determination that Licensee was ineligible for a Pennsylvania driver's license due to Florida's imposition of a lifetime revocation of Licensee's driving privilege.[4]
In his argument Licensee first relies upon Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581, which sets forth the Driver's License Compact of 1961 (Compact). The Compact is an agreement among the majority of the states intended to promote compliance with each party state's motor vehicle law. Section 1581 mandates that DOT treat certain out of state convictions as though they had occurred *1285 in Pennsylvania. Licensee first cites to the following language of Article IV of the Compact:
Effect of Conviction
(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:
* * *
(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;
75 Pa.C.S. § 1581.
Under the cited plain and clear statutory language, Licensee argues, Pennsylvania's courts must give the same effect to his fourth DUI offense as though it had occurred in Pennsylvania. While Florida's relevant DUI statute provides for a permanent license revocation for a fourth DUI offense, Licensee argues that he would have received merely a one-year suspension for a fourth DUI in Pennsylvania.[5] However, Licensee misapprehends the nature of DOT's action in this matter, and further misapprehends the applicability of the Compact to the matter sub judice.
As Licensee concedes, at the time of his fourth DUI conviction in Florida, Licensee did not hold a Pennsylvania driver's license, but held instead a Florida driver's license.[6] As Licensee also recognizes, his Florida driver's license was permanently revoked under the applicable Florida statute. See R.R. at RR-1, RR-4, RR-10, RR-38-RR-39. As such, Florida was under no obligation toand did notreport Licensee's fourth DUI, or his concomitant Florida license revocation, to Pennsylvania in accordance with the Compact. The Compact language relied upon by Licensee requires that the home statei.e., the state with which a licensee holds a current licensegive the effect to an out-of-state conviction as if that conviction occurred in the home state. Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581. Licensee's argument for applying the Compact's provisions is founded on the premise that Pennsylvania is Licensee's home state; it is not. Since Florida was Licensee's home state at the time of his fourth DUI conviction, Licensee's reliance upon the Compact is misplaced.
Further, and independently dispositive, DOT did not deny Licensee's application for a Pennsylvania driver's license pursuant to the Compact. Since Licensee did not hold a Pennsylvania driver's license at the time Florida revoked his Florida license, it was only upon Licensee's application to DOT for a Pennsylvania license that DOT learned of his permanent Florida license revocation. The Compact played no role in DOT's action in relation to DOT's refusal, or in relation to DOT's *1286 awareness of Licensee's fourth DUI conviction. Hence, the Compact is irrelevant and inapplicable to the instant matter.
As we recently stated in Taddei v. Department of Transportation, Bureau of Driver Licensing, 982 A.2d 1249 (Pa. Cmwlth.2009), Pennsylvania and all of the fifty states have converted to the National Driver Register's (NDR) Problem Driver Pointer System (PDPS), as provided for under Federal regulations. See 23 C.F.R. § 1327.[7] The NDR was established by 49 U.S.C. § 30302, with the primary purpose of assisting the licensing officials of participating states in exchanging information about the motor vehicle driving records of individuals.
Pursuant to this legislative scheme, when Licensee moved back to Pennsylvania, DOT checked his licensing status with the NDR pursuant to 49 U.S.C. § 30304(e), which states:
(e) Driver record inquiry.
Before issuing a motor vehicle operator's license to an individual or renewing such a license, a State shall request from the Secretary information from the National Driver Register under section 30302 and the commercial driver's license information system under section 31309 on the individual's driving record.
When DOT thereby discovered Licensee's permanently revoked license status under Florida law, it denied Licensee's application for a renewal of his Pennsylvania license as mandated by Pennsylvania's General Assembly. Section 1503(a)(1) of the Vehicle Code mandated DOT's denial in express, unambiguous language. 75 Pa. C.S. § 1503.
Since DOT's denial of Licensee's Pennsylvania driver's license application was in accordance with the clear mandate of Section 1503(a)(1) of the Vehicle Code, and was wholly independent from the operation of the Compact, Licensee's arguments construing the Compact's effect on DOT's actions are without merit. In regards to a driver seeking a Pennsylvania license while under a license suspension or revocation in another state, the Vehicle Code admits of no exception, independently of the Compact. Id. Hence, Licensee's attempt to recast the consequences upon his Pennsylvania license eligibility through the filter of the Compact, in the wake of his Florida conviction as a licensed Florida driver, must fail.
Next, Licensee presents an equitable argument that, notwithstanding the United States Constitution's Full Faith and Credit Clause,[8] Pennsylvania is not required to accord full faith and credit to Florida's permanent revocation as a matter of Pennsylvania's public policy. Licensee argues that his Florida lifetime revocation, resulting in recognition of that action in Pennsylvania under the Compact, constitutes a de facto lifetime revocation of his driving privilege in Pennsylvania. Licensee proposes that such a lifetime revocation in Pennsylvania is repugnant to the public policy of our Commonwealth. Licensee asserts that Pennsylvania has a "strong policy to promote the welfare of its citizens who necessarily must drive, maintain *1287 employment and maintain economic stability." Licensee Brief at 12.
As sole support for this argument, Licensee cites to this Court's decision in Ferrelli v. Department of Transportation, 783 A.2d 891 (Pa.Cmwlth.2001), petition for allowance of appeal denied, 570 Pa. 691, 808 A.2d 574 (2002). In Ferrelli, Pennsylvania licensees who had individually pled no contest to driving under the influence of alcohol in West Virginia later had their driver's licenses suspended by DOT. Most generally stated, we held that the licensees' no contest pleas in West Virginia were convictions under the Compact, and that Pennsylvania was not required to give full faith and credit to orders of a West Virginia court stating that the no contest pleas were not convictions.
Ferrelli is both distinguishable from, and inapplicable to, the instant facts. The licensees in that precedent held Pennsylvania driver's licenses, and were suspended pursuant to the Compact. As noted, the Compact is inapplicable to this case, in which Licensee held a Florida license, and in which DOT denied Licensee a Pennsylvania license under a Pennsylvania statute unrelated to the Compact. As such, Ferrelli is of no persuasive value to this matter. Further, and independently dispositive, even Licensee's preferred constitutional application (or, more accurately, inapplication) of the full faith and credit clause to the instant facts would not change the result in this matter.
We first note, as DOT emphasizes, that Licensee does not dispute his Florida DUI conviction that resulted in his Florida revocation. With recognition of the fact that Licensee cannot collaterally attack the validity of the Florida conviction in Pennsylvania's courts,[9] the validity of the convictionindependently of any full faith and credit afforded thereto, or not, by Pennsylvaniaplaces DOT's actions squarely within the mandate of Section 1503(a)(1) of the Vehicle Code.[10] These facts dispose of Licensee's argument on this issue.
Arguendo, even if this Court were to deny full faith and credit to the Florida conviction, the conviction would still stand for purposes of the Federal NDR and PDPS. The independent Federal recognition of the conviction for purposes of the NDR and PDPSeven if Pennsylvania would hypothetically refuse full faith and credit to the Florida convictionwould mandate the same result from DOT in the wake of Licensee's application for a Pennsylvania license pursuant to Section 1503(a)(1) of the Vehicle Code. As such, even to the extent that Licensee's full faith and credit argument could be considered by this Court as requested by Licensee, DOT's statutory mandate to deny Licensee a Pennsylvania license would not change. Put otherwise, to the extent that the full faith and credit clause may be seen to be implicated in this appeal under Licensee's view, Pennsylvania need not afford full faith and credit to the Florida conviction for DOT to be compelled to exercise its non-discretionary duty under Section 1503(a)(1) of the Vehicle Code.
Accordingly, we affirm.

ORDER
AND NOW, this 5th day of August, 2010, the order of the Court of Common Pleas of Northampton County, dated September *1288 21, 2009, at No. C0048CV2009001873, is affirmed.
NOTES
[1] Licensee's first three DUI offenses occurred in Pennsylvania, while licensed as a Pennsylvania driver; the fourth DUI offense occurred in Florida, while Licensee was licensed as a Florida driver.
[2] Reproduced Record (R.R.) at RR-7.
[3] See generally Section 3804 of the Vehicle Code, 75 Pa.C.S. § 3804.
[4] In his brief to this Court, Licensee also states: "It is respectfully submitted that the [Trial Court] erroneously assumed that [Licensee] is seeking to invalidate the Florida suspension. [Licensee] believes that the Commonwealth of Pennsylvania may not recognize and give full faith and credit to the Florida suspension." Licensee Brief at 10, n. 3.

Additionally, we note that while both parties to this appeal, and the Trial Court, interchangeably refer to Florida's action as both a suspension and a revocation, the Florida statute under which action was taken herein refers solely to a lifetime revocation, and not a suspension. See R.R. at RR-39.
[5] Relatedly, Licensee also argues that his first DUI conviction of July 6, 1987, is relevant under the Florida legislative scheme for purposes of the consideration of prior DUI convictions in any jurisdiction, regardless of date thereof; however, in Pennsylvania the 1987 first conviction would not have been considered for sentencing purposes in Pennsylvania relative to Licensee's fourth DUI conviction on December 27, 2001. For the same reasons set forth above regarding Licensee's general Compact arguments, this argument also is without merit.
[6] The record shows that Licensee's prior Pennsylvania driver's license expired on September 30, 1999. R.R. at RR-14.
[7] Most generally stated, the regulations contained within 23 C.F.R. § 1327 provide procedures for states to participate in, and to receive information from, the NDR.
[8] The Full Faith and Credit Clause of the United States Constitution states:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
U.S. CONST. art. IV, § 1.
[9] See generally Commonwealth v. Duffey, 536 Pa. 436, 639 A.2d 1174 (1994) (licensee may not collaterally attack validity of criminal conviction upon which DOT based a license suspension in civil proceeding).
[10] Licensee does not challenge the validity of Section 1503(a)(1) in the instant appeal.