## James M. HAUBERT

v.

## COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 2015.

Decided July 24, 2015.

Publication Ordered Sept. 17, 2015.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for appellant.

Joseph G. McGraw, Carbondale, for appellee.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge.

OPINION BY Judge BONNIE BRIGANCE LEADBETTER.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the final order of the Court of Common Pleas of Lackawanna County directing DOT to issue a Pennsylvania driver's license to James M. Haubert. We reverse.

In the spring of 2014, Haubert applied for a driver's license. In April 2014, DOT denied the application, advising Haubert that it could not issue a driver's license to him because a report from the National Driver Register (NDR) showed that his driving privileges had been withdrawn in both New York and New Jersey. Reproduced Record (R.R.) at 42a–45a. DOT directed Haubert to contact the New York Department of Motor Vehicles and the New Jersey Division of Motor Vehicles to have his driving record cleared with NDR. *Id.*

Haubert appealed DOT's denial to the trial court. The trial court held a hearing at which DOT submitted into the record certified copies of the NDR reports from New York and New Jersey, Haubert's certified driving history, and a June 5, 2012 letter from DOT advising Haubert that his Pennsylvania operating privileges had been restored. Notes of Testimony (N.T.) at 4–5; R.R. at 19a–20a, 40a–51a. Haubert testified that after he received the June 5, 2012 letter from DOT he applied for a license, but was informed that he had problems in New York and New Jersey. N.T. at 6–7: R.R. 21a–22a. He also testified that he received a letter dated June 19, 2012 from the New York Department of Vehicles which stated that his driving privileges in New York had been restored. *Id.* at 7; R.R. at 22a, 53a. He further stated that he had not held a New York license since 2012 and had not incurred any driving infractions in New York since 2012. *Id.;* R.R. at 22a. Haubert testified that he had a problem in New Jersey at least 25 years ago and had tried to clear up the problem at least three times in the past six years. *Id.* at 8–9; R.R. at 23a–24a. As directed by the state of New

Jersey Intoxicated Driving Program, he completed the F.A.C.T.S. program at the Long Beach Medical Center in Long Beach, New York on January 31, 2008. *Id.* at 9–10; R.R. at 24a–25a, 54a. He stated that after trying to clear his driving record in New Jersey by himself, he hired his present counsel who requested that Long Beach Medical Center provide Haubert's records to the New Jersey Department of Drug and Alcohol Services. *Id.* at 11a–16a; R.R. at 26a–31a, 55a–58a. Haubert testified that both he and his attorney have repeatedly contacted the New Jersey Division of Motor Vehicles, but have been unable to change his status in the NDR. *Id.;* R.R. at 26a–31a.

The trial court ruled from the bench, concluding:

> [T]he certification presented by the Commonwealth in evidence contains no evidence of the offenses allegedly occurring in the other states of New York and New Jersey which allegedly preclude his entitlement to a driving privilege in Pennsylvania. And this Court concludes that the Commonwealth is bound by its letter of June 5th, 2012 restoring his operating privileges.

R.R. at 37a. The trial court reversed the order denying Haubert's application for a driver's license. *Id.*

DOT appealed the trial court's order asserting that it erred as a matter of law because Section 1503 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1503, mandates that DOT deny a license application upon discovery of a suspension in a foreign jurisdiction. The trial court filed an opinion pursuant to Appellate Rule 1925(a), Pa. R.A.P. 1925(a), stating that based on Haubert's testimony and the documents proffered Haubert had established that he had taken all the necessary steps to entitle him to a Pennsylvania license. The trial court opined that "[a] citizen of the Common-

wealth cannot be held hostage by the bureaucratic incompetence of another jurisdiction" and that the Commonwealth is bound by its letter of June 2012 stating that Haubert's driving privileges are restored. R.R. at 68a.

Federal law requires DOT to check the NDR prior to the issuance or renewal of a Pennsylvania driver's license. 49 U.S.C. § 30304(e). All states have converted to the NDR Problem Driver Pointer System (PDPS). 23 C.F.R. § 1327. Section 1503(a)(1) of the Vehicle Code provides that DOT shall not issue a driver's license to any person whose operating privilege is suspended or revoked in this or any other state. The language of Section 1503(a)(1) is clear and unambiguous. The Vehicle Code admits no exception for a driver seeking a Pennsylvania license while under a license suspension or revocation in another state. *Fowler v. Dep't of Transp., Bureau of Driver Licensing,* 2 A.3d 1282, 1286 (Pa.Cmwlth.2010).

Haubert provided ample evidence of his attempts to reinstate his driving privileges in both New York and New Jersey. However, the evidence, at a minimum, demonstrates that his New Jersey driving privileges remain withdrawn. It is of no moment that Haubert relied upon DOT's June 5, 2012 letter stating that his Pennsylvania operating privileges had been restored, *nor that he has made unsuccessful attempts to clear up his record in New Jersey.* Upon application for issuance of a driver's license, DOT is statutorily obligated to determine whether a driver's license has been withdrawn through a query of the NDR and further obligated to deny a license application where a driver's operating privileges have been revoked or suspended by another jurisdiction. While we sympathize with Haubert's frustration with New York and New Jersey, DOT is strictly prohibited

from issuing a license to Haubert until it receives a NDR report stating that he is eligible for licensing in New York and New Jersey.

Accordingly, we reverse.

## ORDER

AND NOW, this 24th day of July, 2015, the order of the Court of Common Pleas of Lackawanna County is hereby REVERSED.