# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert R. Ribnicky     :
           :
           : No. 541 C.D. 2019
    v.       :
           : Submitted: October 11, 2019
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing,   :
      Appellant :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ELLEN CEISLER, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH        FILED: January 21, 2020

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the April 18, 2019 order of the Court of Common Pleas of Westmoreland County (trial court) directing DOT to issue a duplicate driver's license to Robert Ribnicky (Licensee).

The material facts are not in dispute. On September 3, 2018, Licensee was arrested in Erie County, Ohio, by the local Sheriff's Department for driving under the influence (DUI). (Reproduced Record (R.R.) at 4a, 22a.) At the time of his arrest, the Sheriff's Department seized Licensee's Pennsylvania driver's license and informed him that his driver's license was suspended. _Id._ On September 27, 2018, the Vermillion, Ohio Municipal Court (Municipal Court) issued an order stating that Licensee's Ohio driving privileges were suspended. (R.R. at 5a, 9a.) Thereafter, on

November 27, 2018, the Municipal Court found Licensee guilty of DUI and suspended his Ohio driving privileges for one year from the date of his arrest. (R.R. at 42a.)

On October 2, 2018, Licensee applied to DOT for a duplicate Pennsylvania driver's license. (R.R. at 5a, 11a.) In the application, Licensee checked the "NO" boxes next to the questions of whether he (1) had "pending criminal charges or driving violations in this state or any other state which may carry a possible penalty or suspension or revocation of your driver's license or driving privilege," or (2) had his "driver's license or driving privilege suspended or revoked in this state or any other state." (R.R. at 11a.) By letter dated October 9, 2018, DOT rejected Licensee's application. (R.R. at 14a.) In the letter, DOT stated that "[t]he National Driver Register (NDR) maintains and provides the personal identification of individuals by state, whose driving privilege[s] [are] withdrawn" and that DOT uses the "NDR to check all of [its] new driver license applications." *Id.* DOT informed Licensee that it refused his application because the NDR indicated that his name and personal information were similar to a person whose driving privileges had been withdrawn in Ohio. *Id.* DOT advised that, prior to applying for a Pennsylvania driver's license, Licensee needed to contact the Ohio Bureau of Motor Vehicles to have his driving record cleared with the NDR. *Id.*

Licensee filed a statutory appeal with the trial court. On April 18, 2019, the trial court conducted a *de novo* hearing. Licensee argued that, because his Pennsylvania driving privileges were not suspended as a result of his Ohio DUI conviction, he was entitled to receive a duplicate Pennsylvania driver's license. (R.R. at 24a, 28a, 30a-31a.) In response, DOT's representative asserted that it is required to conduct a search of the NDR whenever someone applies for a duplicate driver's license. (R.R. at 26a.) DOT's representative also stated that "in Ohio when a driver is stopped

2

for DUI, the law provides that the officer is to take that license and then it's suspended until it's resolved. So if they are determined to have been convicted of DUI, they get credit for that time," but if "at the preliminary hearing, [] things go differently, then they get their license back." (R.R. at 27a.) DOT's representative testified that Licensee's Ohio driving privileges were initially administratively suspended by the seizure of his license at the time of his arrest, that the disposition of the underlying DUI case had resulted in the suspension of Licensee's Ohio driving privileges for one year, and that his driving privileges were still suspended. (R.R. at 27a-28a.)

The trial court stated that its interpretation of the law was that because Licensee's driver's license was not suspended in Pennsylvania, he was entitled to have a duplicate driver's license issued to him. (R.R. at 32a.) Accordingly, the trial court entered an order sustaining Licensee's appeal and directing DOT to issue Licensee a duplicate Pennsylvania driver's license. (R.R. at 43a.)

DOT timely appealed the trial court's order. Following the appeal, the trial court issued an order directing DOT to file a statement of errors complained of on appeal (statement). In its statement, DOT argued that pursuant to *Haubert v. Department of Transportation, Bureau of Driver Licensing*, 124 A.3d 360 (Pa. Cmwlth. 2015), because Licensee's driving privileges had been suspended by the state of Ohio, DOT was prohibited from issuing a duplicate driver's license to Licensee. (R.R. at 51a.)

Thereafter, on June 25, 2019, the trial court entered an opinion and order. The trial court concluded that after considering *Haubert*, for which the "citation was not provided to the [c]ourt until the filing of the [s]tatement," the court was constrained to follow that case. (Trial court op. at 1.) Therefore, the trial court requested that the Commonwealth Court reverse its previous order. *Id.* The trial court also held that DOT

3

was "required by federal law [] to follow the [NDR] Pointer System, 49 U.S.C. §30304(e), [] 75 Pa.C.S. §1503(a)(1)" and that the trial court was required to follow the dictates of *Haubert*. (Trial court op. at 1.)

On appeal,[1] DOT argues that the trial court erred as a matter of law in holding that DOT was required to issue Licensee a duplicate driver's license, despite the fact that Licensee's driving privileges were suspended in Ohio. DOT argues that it complied with federal law by checking the NDR when Licensee applied for a duplicate driver's license. DOT contends that because the NDR showed that Licensee's driving privileges were suspended in Ohio, DOT properly denied Licensee's application.

Section 30304(e) of Title 49 of the United States Code, titled "Driver record inquiry," provides that "[b]efore issuing a motor vehicle operator's license to an individual or renewing such license, a State shall request from the Secretary [of Transportation] information from the [NDR] . . . on the individual's driving record." 49 U.S.C. §30304(e). Further, section 1327.5(b) of Title 23 of the Code of Federal Regulations, titled "State of inquiry function for driver licensing and driver improvement purposes," provides, in relevant part, as follows:

> The chief driver licensing official of a participating State shall submit an inquiry to [] the NDR . . . for each driver license applicant before issuing a license to that applicant. The issuance of a license includes but is not limited to any original, renewal, temporary, or **duplicate** license that results in a grant or extension of driving privileges in a participating State.

---

[1] "This Court's scope of review of a trial court decision in a driver's license appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion." *Fowler v. Department of Transportation, Bureau of Driver Licensing*, 2 A.3d 1282, 1284 (Pa. Cmwlth. 2010).

4

23 C.F.R. §1327.5(b) (emphasis added). All 50 states, including Pennsylvania, participate in the NDR system. *Fowler*, 2 A.3d at 1286; *Taddei v. Department of Transportation, Bureau of Driver Licensing*, 982 A.2d 1249, 1252 (Pa. Cmwlth. 2009). Thus, "[f]ederal law requires DOT to check the NDR prior to the issuance or renewal of a Pennsylvania driver's license." *Haubert*, 124 A.3d at 362.

Additionally, section 1503(a)(1) of the Pennsylvania Vehicle Code provides that DOT "**shall not issue a driver's license** to, or renew the driver's license of, any person . . . [w]hose operating privilege **is suspended** or revoked in this **or any other state**." 75 Pa.C.S. §1503(a)(1) (emphasis added). In *Haubert*, we held that "[t]he language of [s]ection 1503(a)(1) is clear and unambiguous. The Vehicle Code admits no exception for a driver seeking a Pennsylvania license while under a license suspension or revocation in another state." *Haubert*, 124 A.3d at 362.

In *Haubert*, the licensee applied to DOT for a driver's license. After a report from the NDR demonstrated that the licensee's driving privileges had been withdrawn in both New York and New Jersey, DOT denied the licensee's application. On appeal of the license suspension, the licensee testified that his New York driving privileges had been restored, but admitted that he had been unable to clear up his New Jersey record. We observed that the evidence, at a minimum, demonstrated that the licensee's New Jersey driving privileges remained suspended. Relying on the Pennsylvania and federal statutes and regulations cited above, we concluded that "[u]pon application for issuance of a driver's license, DOT is statutorily obligated to determine whether a driver's license has been withdrawn through a query of the NDR and further obligated to deny a license application where a driver's operating privileges have been revoked or suspended by another jurisdiction." *Id.* Thus, we held that "DOT [was] strictly prohibited from issuing a license to [the licensee] until it receive[d] [an]

5

NDR report stating that he [was] eligible for licensing in New York and New Jersey." *Id.*; *see also Fowler*, 2 A.3d at 1286 (holding that because an NDR inquiry showed that licensee's Florida driving privileges were suspended, DOT properly denied the licensee's application for a renewal of his Pennsylvania driver's license under section 1503(a)(1) of the Vehicle Code); *Rothstein v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 17, 22 & n.10 (Pa. Cmwlth. 2006) (holding that because the licensee's New Jersey driving privileges were suspended, he was not entitled to have his Pennsylvania driver's license renewed under section 1503(a)(1) of the Vehicle Code).

Here, when Licensee applied for a duplicate Pennsylvania driver's license, his driving privileges were suspended by the state of Ohio as a result of his DUI arrest. Pursuant to federal law, Licensee's application for a duplicate driver's license required DOT to submit an NDR inquiry. *See* 49 U.S.C. §30304(e); 23 C.F.R. §1327.5(b). The NDR report for Licensee showed that his Ohio driving privileges were suspended. Because Licensee's Ohio driving privileges were suspended, DOT was prohibited by Pennsylvania law from issuing Licensee a duplicate driver's license. *See* 75 Pa.C.S. §1503(a)(1); *Haubert*, 124 A.3d at 362. Therefore, DOT properly denied Licensee's driver's license application and the trial court erred as a matter of law in sustaining Licensee's appeal and directing DOT to issue Licensee a duplicate driver's license.[2]

---

[2] This court's recent opinion in *Linkosky v. Department of Transportation, Bureau of Driver Licensing* , ___A.3d___ (Pa. Cmwlth., No. 98 C.D. 2019, filed December 5, 2019), is distinguishable from the instant case. There, the licensee applied for the renewal of his Pennsylvania driver's license. *Id.* at___, slip op. at 2. DOT granted the licensee's request, issued the licensee a temporary internet driver's license, and instructed the licensee that he would receive a "camera card" in the mail within 10 days and that, upon receipt of the camera card, he should take the card to a DOT photo license center to have a new picture taken and receive a permanent photo license. *Id.* Shortly after DOT granted the licensee's renewal application, however, the licensee's driving privileges were suspended in Ohio. Although the licensee received his camera card in the mail, he misplaced it and then sought

6

Accordingly, the order of the trial court is reversed.

_____

PATRICIA A. McCULLOUGH, Judge

---

a replacement camera card. DOT refused to issue the licensee a new camera card because the NDR inquiry showed that the licensee's Ohio driving privileges were suspended, and the licensee appealed. *Id.* Because DOT had already granted the licensee's renewal application prior to the licensee having his Ohio driving privileges suspended, we held that DOT erred in not issuing the licensee a replacement camera card. *Id.*, at___, slip op. at 5-6. Our holding was based on our conclusion that the licensee's request for a duplicate camera card was **not** a second application for a driver's license renewal; that when DOT granted the licensee's renewal application, the licensee was a properly licensed Pennsylvania driver who needed only to follow the appropriate process to receive a permanent photo license; and that the licensee's request for a duplicate camera card did not trigger the NDR inquiry required by section 1327.5(b) of Title 23 of the Code of Federal Regulations, 23 C.F.R. §1327.5(b). *Linkosky*, ___ A.3d at___, slip op. at 5-6.

Unlike *Linkosky*, here Licensee's Ohio operating privileges were already suspended when he applied for a duplicate Pennsylvania driver's license and Licensee's duplicate license application mandated an NDR inquiry under the federal regulations. *See* 23 C.F.R. §1327.5(b) (explicitly requiring an NDR report where a duplicate license is sought, but not mentioning requests for replacement camera cards). In other words, contrary to here, in *Linkosky* the licensee had his renewal application granted **before** he lost his Ohio operating privileges and, therefore, had already been granted a Pennsylvania license at the time of his request for a new camera card. His request for a new camera card did not affect his already granted Pennsylvania driving privileges and did not trigger an NDR inquiry. Thus, unlike here, where Licensee's application required DOT to conduct an NDR report, in *Linkosky* the licensee's camera card request was more of a *pro forma* request that was unaffected by the relevant federal regulations. Consequently, the instant case is distinguishable from *Linkosky*.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert R. Ribnicky                          :
                                            :   No.  541 C.D. 2019
                      v.                    :
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing,                 :
                      Appellant             :

## ***ORDER***

AND NOW, this 21st day of January, 2020, the order of the Court of Common Pleas of Westmoreland County, dated April 18, 2019, is hereby reversed.

_____
PATRICIA A. McCULLOUGH, Judge